SCHNEIDER ET AL., APPELLEES, *v.*
CITY OF WARREN, APPELLANT.

(No. 3409 — Decided September
30, 1985.)

*Robert V. Traci,* for appellees.
*L. Steven Robinson,* for appellant.

Cox, J. On November 17, 1976, at approximately 8:00 p.m., a broken water main was reported to the city of Warren's water department. An employee of the water department went to the scene and put smudge pots and barricades at the location of the broken water main to warn passing motorists.

During the night, the water leaked onto Dover Street and, due to the freezing temperatures, formed a large ice slick on the street. The next morning Joseph Dickey and his wife were traveling on Dover Street. He noticed the smudge pots and slowed his vehicle, at which time a vehicle driven by appellee, Clement R. Schneider, crashed into the rear of the Dickey vehicle. Appellee got out of his car to check the damage, at which time a vehicle operated by Joseph Rajcan collided with appellee's vehicle. Appellee's vehicle was propelled into him resulting in severe injuries to him.

On September 25, 1978, appellees filed a complaint against appellant, the city of Warren, and Warren Township. Prior to filing the complaint, appellees entered into a covenant not to sue with Rajcan for $25,000. Appellant city of Warren filed a third-party complaint against Rajcan. Rajcan filed a motion for summary judgment as to the third-party complaint arguing that he could not be made a party by virtue of the covenant not to sue. The motion was granted and is not involved in this appeal. Warren Township was subsequently dismissed.

At the end of a jury trial, the court instructed the jury that they could proportion the negligence among all the tortfeasors whether or not they were a party to the action. The jury returned a verdict assigning thirty percent negligence to appellee, thirty-five percent negligence to appellant, and thirty-five percent negligence to Rajcan, who was not a party to the action.

The jury awarded $550,000 damages. The trial court reduced this figure by thirty percent (appellee's negligence) and also reduced it by the $25,000 received by appellees as consideration for the covenant not to sue. The final award for appellees against appellant was for $360,000.

Appellant has appealed the judgment of the trial court and has filed ten assignments of error.

In its first assigned error, appellant contends the court erred in applying R.C. 2315.19, resulting in an improper calculation of damages.[1]

In the instant cause, the jury found the causal negligence was thirty percent attributable to appellee, thirty-five percent attributable to appellant, and thirty-five percent attributable to Rajcan. The jury also determined the total damage suffered by appellees was $550,000.

The trial court, pursuant to R.C. 2315.19(C), then reduced the total amount of damages recoverable by an amount proportionately equal to the percentage of negligence of appellee (thirty percent). The new total was $385,000. The court then multiplied that amount, pursuant to R.C. 2315.19(A)(2), by a fraction in which the numerator was appellant's percentage of negligence (thirty-five percent) and the denominator was the total of all negligence of the defendants to the action (thirty-five percent since appellant was the only defendant remaining in the action). This left an amount of $385,000 from which the court subtracted the amount of $25,000, which was paid appellees by Rajcan for the covenant not to sue, as required by R.C. 2307.32(F)(1). Thus, the final judgment against appellant was in the amount of $360,000.

This appears to be a case of first impression in this state. R.C. 2315.19 is clear in that if the person bringing the action was contributorily negligent, then the amount of the recovery shall be diminished by an amount that is proportionately equal to his percentage of negligence.

R.C. 2315.19(A)(2) states in part:

"If recovery for damages determined to be directly and proximately caused by the negligence of more than one person is allowed under division

_____
[1] The text of the opinion as it appears herein has been abridged by Judge Cox.

(A)(1) of this section, *each person against whom recovery is allowed* is liable to the person bringing the action for a portion of the total damages allowed under that division.* * *" (Emphasis added.)

In the instant case, the trial court instructed the jury that Rajcan was a person against whom recovery is allowed.

R.C. 2315.19(B)(2) provides that the jury shall specify "[t]he percentage of negligence that directly and proximately caused the injury, in relation to one hundred per cent, that is attributable *to each party to the action.*" (Emphasis added.)

In the instant case, the trial court found that Rajcan was not a party to the action, and R.C. 2315.19(C) states in part that " * * * [i]f the percentage of the negligence of the person bringing the action is greater than the total of the percentages of the negligence of all *other persons from whom recovery is sought * * *"* (emphasis added), then the court should enter judgment for defendant(s).

In the instant case, appellees did not seek recovery against Rajcan. Appellees and Rajcan had entered into a covenant not to sue, and R.C. 2307.32(F) states:

"(1) It [the covenant not to sue] does not discharge any of the other tortfeasors from liability for the injury or wrongful death * * *, but it reduces the claim against the other to the extent of *any amount* stipulated by the release or the covenant, or in the amount of the consideration paid for it, whichever is the greater;

"(2) It discharges the tortfeasor to whom it is given from all liability for contribution to any other tortfeasor."

It is very clear then that the nonsettler can receive credit for the amount paid in the covenant. The issue then would be, should he also receive credit for the settler's percentage of fault. We feel the better reasoning is that the nonsettler should get credit for the amount paid to the plaintiff, but that he does not

get credit for the percentage allowed by the jury. The law encourages settlements.

To allow any other result could work a tremendous advantage to a non-settler.

Hypothetically, by changing the amounts in this case, if Rajcan had settled for $180,000, then the city of Warren, although found to be thirty-five percent negligent, would owe the plaintiff nothing. We do not feel that is what the legislature intended when it wrote the comparative negligence statute.

Properly, once the trial court decided that Rajcan was not a party to the action, then it should not have instructed the jury that he was a person against whom recovery should be allowed.

The results, however, would be the same so this error is harmless.

\* \* \*

The judgment of the trial court is affirmed.

*Judgment affirmed.*

DAHLING, P.J., concurs.

COOK, J., dissents.

COX, J., of the Seventh Appellate District, sitting by assignment in the Eleventh Appellate District.

COOK, J., dissenting. I respectfully dissent from the majority opinion.

Under the comparative negligence theory, the legislative intent is that if recovery for damages determined to be directly caused by the negligence of more than one person is allowed, each person against whom recovery is allowed is liable for a portion of the total damages equal to his percent of the total negligence.

In the instant cause, the denominator of the fraction required by R.C. 2315.19(A)(2) should have been

seventy percent rather than thirty-five percent, seventy percent being the total negligence which was the proximate cause of appellees' damages, excluding appellees' negligence.

I would reverse the judgment of the trial court.