## Baker v. Clouse
### [Cite as 7 AOA 477]

Case No. 89-T-4276
Trumbull County, (11th)
Decided September 28, 1990

Terrence J. Kenneally, 230 Third Street, Elyria, Ohio 44035, for Plaintiff-Appellant.

William Hawley, 500 Second National Tower, Warren, Ohio 44481, for Defendant-Appellee.

CHRISTLEY, P.J.,

This is an accelerated calendar case.

In February 1989, Greta Baker initiated an action in the Trumbull County Court of Common Pleas against appellant, Tracey Clouse. Her complaint alleged the following:

(1) that in March 1987, her husband, appellee Thomas Baker, had been involved in a two-vehicle accident on State Route 46 in Trumbull County, Ohio;

(2) that the proximate cause of this accident had been the negligence of appellant, the driver of the second vehicle; and

(3) that she, as a passenger in her husband's vehicle at that time, had suffered multiple physical injuries. The complaint fur-ther alleged that, in consideration for the payment of $100,000, the wife had signed a general release in favor of her husband, the appellee.

Upon answering the wife's complaint, appellant initiated a third-party action against appellee containing two counts. Under the first, appellant sought indemnification from appellee for the amount of any judgment which might be rendered in favor of the wife. Under the second, appellant sought, in the alternative, contribution from appellee for the amount of any judgment against her which was greater than the percentage of negligence attributed to her in a comparative fault determination. Both of these counts were based upon the allegation that appellee was primarily liable for the injuries which the wife had suffered in the accident.

After answering the third-party complaint, appellee moved the trial court for summary judgment as to both counts. As grounds for this motion, appellee submitted that because of the release his wife had executed in his favor, appellant could not properly maintain an action for contribution under R.C. 2307.32. Attached to this motion was the affidavit of the wife, Greta Baker, in which she averred that the release had been executed in good faith and in consideration for the payment of $100,000 from appellee's insurance company. A copy of the release was also attached to the motion.

Once appellant had responded and a hearing had been held on the matter, the trial court granted appellee's motion. In its judgment entry, the court also found, pursuant to Civ. R. 54(B), that there was no just cause for delay on the summary judgment issue.

On appeal from this judgment, appellant has assigned the following as error:

"The trial court erred as a matter of law in granting appellee's motion for summary judgment in that, although statutorily immune from liability for indemnity or contribution, appellee should remain a party to this action in order

that his relative degree of fault may be apportioned by the jury."

Although it is not directly mentioned in the wording of appellant's sole assignment, the primary issue raised in this appeal concerns the calculation of the amount of damages a plaintiff, in a negligence action can recover from one joint tort-feasor when the second joint tort-feasor has been released from further liability. Appellant argues that under the applicable statute, the liability of the non-settling joint tort-feasor is limited to the *percentage* of negligence attributed to her by the jury or the trial court in a comparative fault determination. Based upon this argument, appellant contends that the trial court erred in granting summary judgment on her third-party complaint, since appellee must be a party to the underlying action before the jury could determine his degree of fault.

In Ohio, the relationship between joint tort-feasors is governed by the Contribution Among Tort-feasors statute, R.C. 2307.31 *et seq.* At the time of the accident in question, March 1987, R.C. 2307.31 provided, in pertinent part:

"(A) Except as otherwise provided in this section or section 2307.32 of the Revised Code, where two or more persons are jointly or severally liable in tort for the same injury to person or property or for the same wrongful death, there is a right of contribution among them even though judgment has not been recovered against all or any of them. The right of contribution exists only in favor of a tort-feasor who has paid more than his proportionate share of the common liability, and his total recovery is limited to the amount paid by him in excess of his proportionate share. No tort-feasor is compelled to make contribution beyond his own proportionate share of the entire liability. ***

"***

"(F) In determining the proportionate shares of tort-feasors in the entire liability their relative degrees of fault shall be considered ***."

Interpreting the foregoing language, appellant contends that a joint tort-feasor can never be compelled to pay more than his proportionate share of the entire liability, and thus that the relative degree of fault of each of the joint tort-feasors must always be determined.

Appellant asserts that the trial court's judgment was predicated on its interpretation of our prior decision in *Schneider v. Warren* (1985), 27 Ohio App. 3d 173. In that case, the plaintiff was also injured in a two-vehicle accident. After reaching a settlement with the driver of the second vehicle, the plaintiff brought a negligence action against the City of Warren and Warren Township, based upon the allegation of hazardous road conditions.

At the conclusion of the trial, the trial court in *Schneider* instructed the jury to calculate the proportion of negligence attributable to all of the parties to the accident. This included the driver of the second vehicle, who was not a party to the action. Following this instruction, the jury found that the plaintiff had been thirty percent negligent, the driver of the second car thirty-five percent negligent, and the city and the township thirty-five percent negligent. Then, in calculating the liability of the city and the township, the trial court reduced the total award of damages by the thirty percent, corresponding to the negligence of the plaintiff, and then subtracted the amount which the driver of the second vehicle had paid to the plaintiff as consideration for the covenant not to sue.

On appeal from this judgment, the city and township argued that the trial court had erred in calculating their liability. In rejecting this argument, this court specifically held that a non-settling joint tort-feasor cannot receive credit for the *percentage* of fault attributed on the settling tort-feasor; instead, it was held that the non-settler can only receive credit for the *amount* of the consideration the settler paid for the covenant not to sue. In support of this conclusion, this court referred to R.C. 2307.32(F)(1):

"(F) When a release or a covenant not to sue or not to enforce judgment is given in good faith to one of two or more persons liable In tort for the same injury or the same wrongful death:

"(1) It does not discharge any of the other tort-feasors from liability for the injury or wrongful death unless its terms otherwise provide, but it *reduces the claim against the other to the extent of any amount stipulated by the release or the covenant, or in the amount of the consideration paid for it,* whichever is the greater; *** ." (Emphasis added.)

In arguing that the non-settling tort-feasor should receive credit for the percentage

of fault of the settler, as compared to credit for amount paid as consideration, appellant maintains that the *Schneider* decision can be distinguished on its facts. Specifically, appellant notes that the plaintiff in *Schneider* was also found negligent, and thus this court was also required to interpret the comparative negligence statute, R.C. 2315.19, in reaching its decision.

However, although the comparative negligence statute contains a specific formula for calculating the liability of each joint tort-feasor when the plaintiff is also negligent, it is evident from the language in *Schneider* that this court's decision was based solely upon R.C. 2307.32(F).

After noting the provisions of this section, this court then stated it would be illogical to allow the non-settling tort-feasor to also receive credit for the settler's percentage of negligence, since this would "work a tremendous advantage to a non-settler." *Id.* at 175.

In addition to the foregoing analysis from the *Schneider* decision, it should again be noted that R.C. 2307.32(F) is a specific provision of the Contribution Among Tort-feasors statute. Accordingly, it follows that this section would be applicable when, as in this case, the plaintiff in the action was not negligent.

In support of her position, appellant also refers to the specific provisions in R.C. 2307.31, cited above, which state that a tort-feasor cannot be compelled to make contribution in an amount greater from his proportionate share of the entire liability. As appellant emphasizes, this language strongly suggests that a tort-feasor's liability must always be based upon the degree to which she was responsible for the damages the plaintiff suffered.

Nevertheless, R.C. 2307.32(F) clearly provides that when the plaintiff in a negligence action has reached a settlement with one of the tort-feasors, the claim against the remaining tort-feasors is accordingly reduced by the amount stipulated in the agreement. While the effect of this provision conflicts with the proposition that a tort-feasor's lia-bility should be proportionate to her degree of fault, its language is not ambiguous or open to interpretation. As the statute presently stands, the legislature has made an exception for the situation in which one tort-feasor is released from further liability by the plaintiff.

Also in support of her argument, appellant has cited a number of cases from other jurisdictions, in which various courts have held that the liability of a tort-feasor must be proportionate to her degree of fault. Specific reference has been made to the case of *Bartels v. City of Williston* (N.D. 1979), 276 N.W. 2d 113, in which the North Dakota Supreme Court was required to interpret statutory language identical to that in R.C. 2307.31(F)(1). Even though the question of the plaintiff's negligence had not been raised in the case, the *Bartels* court held that, by enacting the comparative negligence statute, the state legislature had implicitly repealed the language concerning the reduction of the claim against the remaining tort-feasor.

As was mentioned previously, the rule provided in R.C. 2307.32(F)(1) is inconsistent with the policy behind the provisions of R.C. 2307.31(A) and the comparative negligence statute.

However, unlike the court in *Bartels,* this court does not believe that its judicial powers include the ability to rewrite a potentially inequitable statute. Such power clearly belongs to the state legislature. In this regard, it should be noted that when the Contribution Among Tort-feasors statute was amended in 1988, the legislature did not alter the language of R.C. 2307.32(F)(1).

Therefore, under R.C. 2307.32(F)(1), at the conclusion of the trial, the trial court merely subtracts the amount of consideration given for the release from the amount of total damages determined by the jury. Under these circumstances, there is no need for the jury to determine the degree of fault for each tort-feasor.

R.C. 2307.32(F)(2) provides that when a release is given to a tort-feasor, that individual is discharged from any liability for contribution. In moving the trial court for summary judgment in this case, appellee submitted the affidavit of the wife, in which she stated that she had executed a release in the favor of appellee. In response to the motion, appellee did not dispute the validity of the release. Under these circumstances, the trial court did not err in granting summary judgment on the third-party complaint. Thus, appellant's sole assignment is without merit.

The judgment of the trial court is affirmed.

WISE, J., and PRYATEL, J., concur.

WISE, J., Ret., Fifth Appellate District and PRYATEL, J., Ret., Eighth Appellate District, sitting by assignment.