NIEMANN et al., Appellees,

v.

POST INDUSTRIES, INC., d.b.a. Post Traveland USA, et al., Appellees;

Sun Hawk Products, Inc., Appellant.

[Cite as *Niemann v. Post Industries, Inc.* (1991), 68 Ohio App.3d 392.]

Court of Appeals of Ohio,
Franklin County.

No. 90AP–1246.

Decided Oct. 22, 1991.

*Vorys, Sater, Seymour & Pease* and *Joseph A. Brunetto,* for appellee General Motors Corporation.

*David L. Day Co., L.P.A., David L. Day* and *Scott T. Hillis,* for appellant.

WHITESIDE, Judge.

Defendant-appellant, Sun Hawk Products, Inc. ("Sun Hawk"), appeals from a judgment of the Franklin County Court of Common Pleas dismissing its cross-claim for indemnity against defendant-appellee General Motors Corpora-

tion ("General Motors"). In support of its appeal, Sun Hawk raises a single assignment of error, as follows:

"The trial court erred in dismissing the cross-claim for indemnity of appellant, Sun Hawk Products, Inc., against appellee, General Motors Corporation, in that some set of facts could be proven entitling appellant to indemnity from appellee."

Plaintiffs, Winona and Ralph Niemann (who are not parties to this appeal), brought this action seeking to recover a refund of the purchase price and consequential damages with respect to the purchase of a used 1985 recreational vehicle from defendant Post Industries, Inc., d.b.a. Post Traveland USA (also not a party to this appeal). The vehicle in question was a 1985 Sun Hawk thirty-four-foot recreational vehicle purchased by plaintiffs from Post Industries in February 1985 for $51,739.34. The coach work of the vehicle was manufactured by defendant Sun Hawk, using a chassis manufactured by General Motors. The complaint alleges that the vehicle has consistently failed to operate and perform its functions as designed and is so defective that plaintiffs have lost the use and enjoyment of the vehicle and have expended funds and labor in an effort to make the vehicle usable. The complaint further alleges that defendants have been afforded a reasonable time to perform and correct defects but have failed to do so. Plaintiffs, therefore, seek a revocation of their acceptance of the vehicle, as well as a refund of the purchase price, together with incidental and consequential damages, including attorney fees and expenses. Plaintiffs seek relief from defendants Sun Hawk, General Motors, and Post Industries.

Defendant Sun Hawk filed a cross-claim against both codefendants, Post Industries and General Motors, alleging that, if plaintiffs prevail against Sun Hawk and judgment is rendered against it because the vehicle is defective, then Sun Hawk is entitled to either indemnification or contribution with respect to payment of any judgment and seeking reimbursement in full or in part from the other defendants. The case proceeded in the trial court, and General Motors filed what was labeled a motion to dismiss, but also indicated that the alternative relief sought was summary judgment, based upon a pending settlement between General Motors and plaintiffs. The trial court overruled the motion as being premature. Subsequently, it appeared that the settlement between plaintiffs and General Motors was effected, and the trial court thereupon dismissed Sun Hawk's counterclaim for indemnification or contribution against General Motors, as well as plaintiffs' claim against General Motors. The trial court also made requisite Civ.R. 54(B) findings that the judgment for General Motors was final because there is no just reason for delay in entering such judgment.

The motion sustained by the trial court was not a Civ.R. 12(B)(6) motion since it was filed long after the pleadings were closed and was predicated upon matters not pleaded by Sun Hawk in its cross-claim against General Motors, namely, the settlement between plaintiffs and General Motors. Although there are perhaps some procedural deficiencies or questions involved, no issue has been raised with respect thereto, and there appears to be no prejudice from any procedural defect, especially since Sun Hawk apparently concedes that the settlement between General Motors and plaintiffs was effected. In other words, despite some procedural deficiencies, there appears to be no factual issue with respect to the salient determinative facts, namely, that plaintiffs have fully settled their claims as against General Motors. The question, then, is what is the legal effect of such settlement upon the claim of Sun Hawk for indemnification and/or contribution as against General Motors?

Sun Hawk correctly points out that there is a distinction between active negligence causing injury to another and passive negligence of a third person who did not create the condition resulting in the injury but failed either to discover or correct such condition. There are other situations where active and passive negligence are involved and, more important, where primary liability and secondary liability are involved. Likewise, Sun Hawk points out that concurrent negligence of two persons does not necessarily make them joint tortfeasors; they may be only concurrent tortfeasors.

■ The upshot of this contention of Sun Hawk is that Sun Hawk correctly states that, with respect to defects in the chassis manufactured by General Motors and used by Sun Hawk as a base upon which to mount the coach work manufactured by it so as to make a complete recreational vehicle, the negligence of General Motors would be primary and that of Sun Hawk secondary under ordinary circumstances. Sun Hawk also correctly contends that a party secondarily liable who is required to respond in damages to a person who is primarily liable is entitled to indemnification from the person who is primarily liable. See *Travelers Indemnity Co. v. Trowbridge* (1975), 41 Ohio St.2d 11, 70 O.O.2d 6, 321 N.E.2d 787. Sun Hawk also correctly points out that the evidence in the file (response to interrogatories) indicates that some of the defects claimed by plaintiffs were alleged defects in the chassis manufactured by General Motors, while others were in the portion manufactured by Sun Hawk, which General Motors concedes, although there may be a dispute as to the extent the defects for which each was responsible contributed to plaintiffs' claims of a defective vehicle. We need not reach that issue herein, however, because the issue is the effect of the settlement between plaintiffs and General Motors.

Under common law, an unqualified release of one joint or concurrent tortfeasor, released all joint or concurrent tortfeasors, and there was no right of contribution between concurrent tortfeasors. *Royal Indemnity Co. v. Becker* (1930), 122 Ohio St. 582, 173 N.E. 194. This common-law rule has been changed by statute, namely, R.C. 2307.31 and 2307.32. Accordingly, there is contribution provided between joint or concurrent tortfeasors for each to pay their proportionate share, but R.C. 2307.31 further provides that: " * * * The right of contribution exists only in favor of a tortfeasor who has paid more than his proportionate share of the common liability * * *." More important, R.C. 2307.32(F) provides that:

"When a release or a covenant not to sue or not to enforce judgment is given in good faith to one of two or more persons liable in tort for the same injury or loss to person or property or the same wrongful death, the following apply:

"(1) The release or covenant does not discharge any of the other tortfeasors from liability for the injury, loss, or wrongful death unless its terms otherwise provide, but it reduces the claim against the other tortfeasors to the extent of any amount stipulated by the release or the covenant, or in the amount of the consideration paid for it, whichever is the greater;

"(2) The release or covenant discharges the tortfeasor to whom it is given from all liability for contribution to any other tortfeasor."

General Motors contends that its settlement with plaintiffs has this resultant effect. We agree. R.C. 2307.32(F)(2) expressly provides to the effect that the claim of Sun Hawk for indemnification against General Motors is barred by General Motors' settlement with plaintiffs, but that any judgment against Sun Hawk will be reduced by the amount paid by General Motors.

Sun Hawk contends that a distinction should be made (and the bar of the statute should not be applicable), because General Motors was primarily liable, while Sun Hawk was only secondarily liable with respect to all defects caused by the negligence of General Motors. Even assuming that Sun Hawk is correct that the statute does not apply under such circumstances, the result would not change. Rather, the common law would then be applicable with respect to the effect of a release of a party primarily liable upon any possible liability of a party secondarily liable to the injured party. Under the common law of Ohio, the release of a party who is primarily liable operates also as a release of any party who was only secondarily liable. *Bello v. Cleveland* (1922), 106 Ohio St. 94, 138 N.E. 526; cf. *Losito v. Kruse* (1940), 136 Ohio St. 183, 16 O.O. 185, 24 N.E.2d 705. Under common law, a party who is only secondarily liable who is required to respond in damages to an injured party is

entitled to indemnification from the party who is primarily liable. Accordingly, unless a release of the party primarily liable also operates to release the parties secondarily liable, the latter party would be deprived of its rights of reimbursement through indemnification from the party primarily liable. This is the rationale of the common-law rule that the release of a party primarily liable also releases a party secondarily liable, although the converse is not necessarily true.

Accordingly, inasmuch as plaintiffs have released General Motors, Sun Hawk cannot be held responsible for the results of the negligence of General Motors. Rather, all that remains in this case as against Sun Hawk is plaintiffs' action with respect to negligence or defects for which Sun Hawk is primarily liable. The release of General Motors also releases Sun Hawk from any secondary liability with respect to General Motors' negligence. Although this particular issue has not been thoroughly briefed by the parties, it is implicit in Sun Hawk's argument and contentions. Since there is no further exposure of Sun Hawk for so-called passive negligence which would make it secondarily liable for General Motors' negligence, there is no prejudicial error resulting from the trial court's dismissal of Sun Hawk's indemnification or contribution cross-claim against General Motors. The assignment of error is not well taken.

For the foregoing reasons, the assignment of error is overruled, and the judgment of the Franklin County Court of Common Pleas is affirmed.

*Judgment affirmed.*

STRAUSBAUGH and McCORMAC, JJ., concur.