**LOCAL UNION 1886, UNITED MINE WORKERS OF AMERICA**

v.

**OHIO RECLAMATION BOARD OF REVIEW.**

[Cite as *Local Union 1886, United Mine Workers of Am. v. Ohio Reclamation Bd. of Review* (1996), 116 Ohio App.3d 371.]

Court of Appeals of Ohio,
Tenth District, Franklin County.

No. 96APD04–506.

Decided Dec. 19, 1996.

*Thomas M. Myers,* for relator.

*Betty D. Montgomery,* Attorney General, and *Barry A. Wurgler,* Assistant Attorney General, for respondent.

*Porter, Wright, Morris & Arthur, David A. Laing, Christopher C. Russell* and *Mark S. Stemm,* for intervenor Southern Ohio Coal Company.

*Betty D. Montgomery,* Attorney General, *Joan C. Weiser* and *Kristin K. Bennett,* Assistant Attorneys General, for *amicus curiae* Division of Mines and Reclamation.

BOWMAN, Judge.

Relator, Local Union 1886, United Mine Workers of America ("UMW"), filed a complaint seeking a writ of prohibition against respondent, the Reclamation Board of Review ("Reclamation Board"), to prevent it from exercising jurisdiction over an administrative appeal filed by the Southern Ohio Coal Company ("SOCC"). The Reclamation Board contends that UMW lacks standing to challenge its jurisdiction to hear SOCC's appeal. The parties submitted an agreed statement of facts and stipulation of the record.

SOCC is the owner and operator of an underground coal mine, known as Meigs No. 2 Mine. A notice of violation citation was issued to SOCC by the deputy mine inspector on December 7, 1995. The citation asserted a violation of R.C. 4153.24 (now 1563.24[B]), which requires SOCC to inspect portions of the mine every three days, rather than every seven days. The citation reads:

"In my examination of the fireboss record books for the intake and return parts of this mine, it has been determined that examinations by a competent certified foreman or fireboss have not been made at least once each three days.

"The main foreman shall have these above–mentioned areas examined at least once each three days, as required by section 4153.24 para. (B) of the mining Laws of Ohio.

"I will accept old parts of the mine, as referred to in sec. 4153.24 para. (B), to be the intake and return air courses of the mine, unless otherwise directed by the Division of Mines and Reclamation.

"All past or present agreements or variances in conflict with section 4153.24 shall not be honored and will be considered to be in violation of the mining laws of Ohio.

"The mine foreman shall comply with this by the termination date listed below."

On January 23, 1996, SOCC withdrew its appeal from the Mine Examining Board ("MEB"). On December 22, 1995, SOCC filed a notice of appeal with the Reclamation Board. On January 19, 1996, the Division of Mines and Reclamation filed a motion to dismiss SOCC's appeal to the Reclamation Board, arguing that the Reclamation Board lacked jurisdiction over the appeal and that the MEB had jurisdiction to hear the appeal. The motion was denied by the Reclamation Board.

On March 1, 1996, UMW moved to intervene in the proceedings before the Reclamation Board, but the motion was denied. The Reclamation Board permitted UMW to participate as an *amicus curiae*.

On March 6, 1996, UMW filed a complaint in prohibition in the Fourth District Court of Appeals seeking a writ prohibiting the Reclamation Board from exercising jurisdiction over the appeal. On March 18, 1996, SOCC filed a motion for leave to intervene as of right, and the motion was granted. On April 16, 1996, the case was transferred to this court, which permitted the Ohio Division of Mines and Reclamation to file an *amicus curiae* brief. The Reclamation Board has continued the hearing pending disposition of this action.

 The preliminary issue raised by the Reclamation Board and intervenor SOCC is whether UMW has standing to challenge the Reclamation Board's jurisdiction. In *State ex rel. Matasy v. Morley* (1986), 25 Ohio St.3d 22, 23, 25 OBR 18, 19, 494 N.E.2d 1146, 1147, the Supreme Court of Ohio stated, "[A] prohibition action may only be commenced by a person who is either a party to the proceeding sought to be prohibited, *State, ex rel. Pratt, v. Earhart* (1956), 164 Ohio St. 480 [58 O.O. 324, 132 N.E.2d 226], or demonstrates an injury in fact to a legally protected interest. *State, ex rel. Dayton Newspapers, v. Phillips* (1976), 46 Ohio St.2d 457 [75 O.O.2d 511, 351 N.E.2d 127]." A person does not achieve standing without demonstrating that he is affected. *Martin v. Schregardus* (Sept. 30, 1996), Franklin App. No. 96APH04–434, unreported, 1996 WL 550184.

 Standing requires the relator to have a sufficient stake in the outcome of a justiciable controversy. *Eng. Technicians Assn., Inc. v. Ohio Dept. of*

*Transp.* (1991), 72 Ohio App.3d 106, 110, 593 N.E.2d 472, 474, citing *Racing Guild of Ohio, Local 304 v. Ohio State Racing Comm.* (1986), 28 Ohio St.3d 317, 321, 28 OBR 386, 389–390, 503 N.E.2d 1025, 1029. UMW has a sufficient stake in the outcome of the controversy if it "can demonstrate injury in fact, which requires showing that [it has] suffered or will suffer a specific injury as a result of the challenged action and that the court can redress such injury." *Eng. Technicians,* 72 Ohio App.3d at 110–111, 593 N.E.2d at 474. "Standing requires demonstration of a concrete injury in fact, rather than an abstract or suspected injury." *State ex rel. Consumers League of Ohio v. Ratchford* (1982), 8 Ohio App.3d 420, 424, 8 OBR 544, 548, 457 N.E.2d 878, 883.

In this case, UMW alleges that it can demonstrate an injury to a legally protected interest because the issue before the Reclamation Board, whether certain "old parts" of the mine (the mine's intake and return air courses) must be inspected every three days or every seven days, implicates the safety concerns of the miners whom UMW represents.

In *S. Ohio Coal Co. v. Kidney* (1995), 100 Ohio App.3d 661, 669, 654 N.E.2d 1017, 1022, the Fourth District Court of Appeals determined that the perceptions of the miners pertaining to safety is of "crucial importance" in setting mining rules to provide for safety. The three-day inspection rule affects the miners' health and well-being.

The mining industry has been recognized as one of the most hazardous in the country and, therefore, is closely regulated to protect the public health and safety. *Donovan v. Dewey* (1981), 452 U.S. 594, 603, 101 S.Ct. 2534, 2540, 69 L.Ed.2d 262. The Chief of the Division of Mines and Reclamation is responsible for enforcing and supervising the execution of all laws pertaining to the mines and the safety concerns of the miners. R.C. 1561.03. Thus, the health and safety of the miners is a chief concern and may be adversely affected by a decision of the Reclamation Board on this issue. UMW, as a representative of the miners, has, therefore, demonstrated an injury to a legally protected interest and has standing to challenge the Reclamation Board's jurisdiction.

■ The issue of whether the Reclamation Board has jurisdiction arises as the result of the passage of Am.Sub.S.B. No. 162, effective October 25, 1995, which amended the statutes relevant to coal mines. Prior to October 25, 1995, the Department of Industrial Relations of the State of Ohio administered and enforced the laws of Ohio relating to mines, and the Division of Mines, within the Department of Industrial Relations, was granted jurisdiction and supervision over coal mine operations. With the passage of the new legislation, the Department of Industrial Relations was abolished, and its duties were transferred to other departments. The Division of Mines merged with the Department of Natural Resources' Division of Reclamation, creating the Division of Mines and Reclama-

tion. The legislation eliminated the position of the Chief of the Division of Mines, who formerly had overall administrative responsibility for the Division of Mines, and transferred the supervision of the Division of Mines to the newly created Chief of the Division of Mines and Reclamation.

The Division of Mines and Reclamation is responsible for administering, enforcing, and implementing R.C. Chapter 1513. Also, the Chief of the Division of Mines and Reclamation shall adopt, amend, and rescind rules, administer and enforce R.C. Chapter 1513, and implement the requirements of R.C. Chapter 1513 for the reclamation of lands affected by coal mining in addition to other duties imposed by R.C. 1513.02. R.C. 1561.03 also imposes duties upon the Chief of the Division of Mines and Reclamation as follows:

"[E]nforce and supervise the execution of all laws enacted for the health and safety of persons and the protection and conservation of property within, about, or in connection with mines, mining, and quarries, and for such purpose shall adopt, publish, and enforce necessary rules not inconsistent with the mining laws of this state."

Prior to the effective date of Am.Sub.S.B. No. 162, the Reclamation Board dealt with matters generated before the Chief of the Division of Reclamation and the MEB dealt with matters involving the Division of Mines. With the merger of these divisions, confusion has arisen as to the respective functions of the boards.

R.C. 1513.05 establishes the Reclamation Board, and R.C. 1513.13(A)(1) defines its jurisdiction as follows:

"*Any* person having an interest that is or may be adversely affected by a *notice of violation,* order, or decision of the chief of the division of mines and reclamation, except a show cause order or an order that adopts a rule, or by any modification, vacation, or termination of such a notice, order, or decision *may appeal by filing a notice of appeal with the reclamation board of review for review of the notice,* order, or decision within thirty days after the notice, order, or decision is served upon the person or within thirty days after its modification, vacation, or termination and by filing a copy of the notice of appeal with the chief within three days after filing the notice of appeal with the board. * * * The board has exclusive original jurisdiction to hear and decide such appeals." (Emphasis added.)

The MEB is established by R.C. 1561.10. The MEB conducts and administers examinations for offices and positions in the division of mines and for mine foremen, mine electricians, shot firers, surface mine blasters, and fire bosses. R.C. 1561.13. The MEB also issues certificates to those who pass their examinations. R.C. 1561.23. The MEB establishes and maintains four rescue stations. R.C. 1561.25. Pursuant to R.C. 1561.35, the MEB has jurisdiction over appeals of

owners, operators, lessees, or agents of mines who were charged with any matter, thing, or practice not specifically prohibited by law which is found to be hazardous. R.C. 1561.35. The MEB also hears appeals concerning charges of neglect of duty, incompetence, or malfeasance in office against deputy mine inspectors. R.C. 1561.51.

UMW argues that the action of the Chief of the Division of Mines (now the Chief of the Division of Mines and Reclamation) in concurring with the Deputy Mine Inspector and the violation charge falls within the language of R.C. 1561.35 and, therefore, this matter falls within the jurisdiction of the MEB. R.C. 1561.35 provides:

"If the deputy mine inspector finds that any *matter, thing, or practice connected with any mine and not prohibited specifically by law,* is dangerous or hazardous, or that from a *rigid enforcement of this chapter and Chapters 1509., 1563., 1565., and 1567. of the Revised Code, such matter, thing, or practice would become dangerous and hazardous* so as to tend to the bodily injury of any person, such deputy mine inspector shall forthwith give notice in writing to the owner, lessee, or agent of the mine, of the particulars in which he considers such mine or any matter, thing, or practice connected therewith is dangerous or hazardous and *recommend such changes as the conditions require,* and shall forthwith mail a copy of such report and his recommendations to the chief of the division of mines and reclamation. Upon receipt of such report and recommendations, the chief shall forthwith make a finding thereon and mail a copy to the owner, operator, lessee, or agent of such mine, and to the deputy mine inspector; a copy of such finding of the chief shall be posted upon the bulletin board of the mine. * * *

*"The owner, operator, lessee, or agent of such mine, or the authorized representative of the workers of such mine, may within ten days appeal to the mine examining board for a review and redetermination of the finding of the chief* in such matter." (Emphasis added.)

The citation in this case does not fall within the ambit of R.C. 1561.35 because it is a citation that describes a violation of law, that is, failure to inspect certain parts of the mine every three days. It is not a "recommendation" by the deputy mine inspector on a matter "not prohibited by law." Therefore, the MEB does not have jurisdiction to hear the appeal.

This matter involves a notice of violation of R.C. 1563.24. The action of the Chief of the Division of Mines (now Chief of the Division of Mines and Reclamation) affirmed the violation. Thus, the matter falls within the jurisdiction of the Reclamation Board as defined by R.C. 1513.13(A)(1).

In *State ex rel. Connor v. McGough* (1989), 46 Ohio St.3d 188, 189, 546 N.E.2d 407, 408, the Supreme Court of Ohio described the requirements for a writ of prohibition to issue as follows:

" 'For a writ of prohibition to issue, relator must ordinarily establish: (1) that the court against whom it is sought is about to exercise judicial power, (2) that the exercise of such power is unauthorized by law, and (3) that, if the writ is denied, he will suffer injury for which no other adequate remedy exists.' *State ex rel. Largent v. Fisher* (1989), 43 Ohio St.3d 160, 161, 540 N.E.2d 239, 240."

Here, UMW has not demonstrated that the Reclamation Board is about to exercise judicial power that is unauthorized by law since the Reclamation Board has jurisdiction over the matter. Thus, UMW has not met the requirements for a writ of prohibition to be granted, and the writ of prohibition is denied.

*Writ denied.*

CLOSE and LAZARUS, JJ., concur.