LESSER et al., Appellees,

v.

BURRY et al., Appellees; Seminatore, Appellant.

[Cite as *Lesser v. Burry* (1999), 132 Ohio App.3d 319.]

Court of Appeals of Ohio,
Eighth District, Cuyahoga County.

No. 73860.

Decided Feb. 22, 1999.

*Kohrman, Jackson & Krantz* and *Joshua R. Cohen,* for appellee Raymond Lesser.

*James Cole* and *Bryan Cave,* for appellees John Burry et al.

*Kohrman, Jackson & Krantz* and *Byron S. Krantz,* for appellee Norwalk Raceway.

*Richard G. Waldron,* for appellee Blue Cross/Blue Shield.

*Persky, Shapiro, Salim, Esper, Arnoff & Nolfi, Richard M. Bain* and *Paul Y. Shapiro,* for appellee Rena J. Blumberg.

*Sheldon Berns,* for appellee Bradford Roller.

*James D. Caruso,* for appellee Sandra Brown.

*Squire, Sanders & Dempsey, Terence J. Clark* and *Harold E. Farling,* for appellees Kent W. Clapp et al.

*Richard L. Boylan,* for appellee Charles D. Clark.

*Squire, Sanders & Dempsey, Thomas S. Kilbane* and *Steven J. Kloepfer,* for appellee Thomas Farson.

*Synenberg & Marein, Mary Jo Tipping* and *Roger M. Synenberg; Kohrman, Jackson & Krantz* and *Byron S. Krantz;* and *Howard M. Metzenbaum,* for appellee J. Richard Kelso.

*John Dorrell,* for appellee Medical Mutual of Ohio.

*Richard O. Wuerth, Laura A. Carpenter* and *Alvin E. Mathews,* for appellant Kenneth F. Seminatore.

BLACKMON, Administrative Judge.

This appeal raises the issue whether in this derivative action a nonsettling defendant, appellant Kenneth Seminatore, has standing to object to the partial settlement entered into between the plaintiff policyholders of Blue Cross/Blue Shield, now known as Medical Mutual of Ohio, ("Blue Cross"), and fourteen other defendants[1] affiliated with Blue Cross. Plaintiffs sued the named defendants for alleged improprieties occurring during the pursuit of a merger between Blue Cross and Columbia/HCA Healthcare, Inc. ("Columbia").

The settlement provided for the dismissal of all of the plaintiffs' claims against all the defendants except claims for legal malpractice and breach of fiduciary duty against Seminatore. Seminatore objected to the proposed settlement, claiming that the settlement could affect his possible contribution claims against the settling defendants. However, the trial court ruled that he lacked standing to object to the settlement because the court had no plans to enter an order limiting his right to seek contribution. After a hearing, the trial court approved the settlement. This appeal followed.

Seminatore assigns the following errors for our review:

"I. The trial court erred in finding that defendant Kenneth F. Seminatore lacked standing to object, because defendant Seminatore suffered 'formal legal prejudice' when the trial court approved the settlement agreement.

"II. The trial court did not adequately review the settlement agreement to determine whether it was 'fair, reasonable and in the best efforts of all parties affected by it.'

"III. The trial court abused its discretion in ruling that the settling defendants and Medical Mutual/Blue Cross entered into the settlement agreement in 'good faith' within the meaning of R.C. 2307.33, because that issue was not before the trial court.

"IV. The finding that the settlement was entered in good faith is not supported by the evidence."

Having reviewed the record and the legal arguments of the parties, we affirm the judgment of the trial court. The apposite facts follow.

On March 28, 1997, Raymond Lesser, Seven Oaks Financial Corporation, and Norwalk Raceway Park, Inc. filed a derivative action against fifteen defendants.

---

1. The defendants in the action were John Burry, Jr., Rena Blumberg, Kent Clapp, Thomas Farson, Charles Clark, James Jerele, J. Richard Kelso, Dennis McClung, Bradford Roller, Jerome Rogers, Robert Trombly, Kenneth Seminatore, William Silverman, Blue Cross/Blue Shield, n.k.a. Medical Mutual of Ohio, and Fidelity Investments Charitable Gift Fund.

All of the plaintiffs had policies of insurance with Blue Cross. The defendants were Blue Cross executives, advisors, and legal representatives. The complaint sought to recover $25 million expended by the defendants in the unsuccessful pursuit of a merger with Columbia, a health care conglomerate that owns hundreds of hospitals, outpatient surgical centers, and home health agencies.

In or about October 1997, a partial settlement was proposed that would dispose of all the plaintiffs' claims against all of the defendants except Seminatore. The agreement provided for payments totaling $6,807,500. Seminatore filed his objection to the proposed settlement, arguing that it would improperly bar him from seeking contribution from the other defendants in the event he was held liable to the plaintiffs. The trial court ruled that Seminatore had no standing to be heard at the hearing on the proposed settlement "because his right to contribution [had] not been established and [appeared] speculative at best."

A hearing on the settlement was held on December 17, 1997. After the hearing, the trial court approved the settlement, concluding that "the plaintiffs, the settling defendants, and Medical Mutual/Blue Cross have entered into the settlement agreement in 'good faith' within the meaning of R.C. 2307.33." The plaintiffs' claims were dismissed against all of the defendants except Seminatore.

On January 8, 1998, the plaintiffs moved to amend their complaint to add a new legal malpractice action against Seminatore arising out of the cancellation of Blue Cross's license to use the Blue Cross and Blue Shield trademarks. On January 15, 1998, Seminatore also sought leave to file a third-party complaint for contribution against the attorneys, accountants, consultants, and other professionals whose opinions he relied on regarding the Columbia transaction; none of these third-party defendants were parties in the derivative action. On the same date, Seminatore filed his notice of appeal challenging the trial court's decision to approve the partial settlement.

■ In his first assignment of error, Seminatore argues that the trial court erred in finding that he lacked standing to object to the settlement agreement. "Standing refers to whether a party has a sufficient stake in an otherwise justiciable controversy to obtain judicial resolution of that controversy." *Fenner v. Parcels of Land Encumbered with Delinquent Tax Liens* (Feb. 28, 1997), Highland App. No. 96CA906, unreported, 1997 WL 94245. *In re Miamisburg Train Derailment Litigation* (1993), 92 Ohio App.3d 304, 316, 635 N.E.2d 46, 54; *Local Union 1886, United Workers of Am. v. Ohio Reclamation Bd. of Review* (1996), 116 Ohio App.3d 371, 373, 688 N.E.2d 283, 284–285, appeal dismissed (1997), 78 Ohio St.3d 1418, 676 N.E.2d 122.

■ The burden of establishing standing falls upon appellant Seminatore. See *In re School Asbestos Litigation* (C.A. 3, 1990), 921 F.2d 1330, 1332.

Generally, only a party to a proposed settlement may object to that settlement. *Zupnick v. Fogel* (C.A.2, 1993), 989 F.2d 93, 98; *Agretti v. ANR Freight Sys.* (C.A.7, 1992), 982 F.2d 242, 248; *Alumax Mill Products, Inc. v. Congress Financial Corp.* (C.A.8, 1990), 912 F.2d 996, 1001; *In re School Asbestos Litigation* (C.A.3, 1990), 921 F.2d 1330, 1332. However, an exception to this rule has been recognized in cases where a nonsettling defendant can show that he will suffer some "formal legal prejudice" as a result of the settlement. *Zupnick* at 98; *Eichenholtz v. Brennan* (C.A.3, 1995), 52 F.3d 478.

In its journal entry approving the settlement between the parties, the trial court held that "[t]he Plaintiffs, the settling Defendants, and Medical Mutual/Blue Cross have entered into the Settlement Agreement in 'good faith' within the meaning of R.C. 2307.33." R.C. 2307.33(F)(2) provides:

"When a release or a covenant not to sue or not to enforce judgment is given in good faith to one of two or more persons liable in tort for the same injury or loss to person or property or the same wrongful death, * * * [t]he release or covenant discharges the tortfeasor to whom it is given from all liability for contribution to any other tortfeasor."[2]

Seminatore argues that he suffered formal legal prejudice because the trial court's ruling that the settlement was reached in good faith, in effect, bars him from seeking contribution from the other defendants. See *Harris v. Alexander Grant & Co.* (1990), 61 Ohio App.3d 172, 183, 572 N.E.2d 226, 233–234; *Baker v. Clouse* (1990), 69 Ohio App.3d 618, 623, 591 N.E.2d 722, 726.

Seminatore urges us to follow *Eichenholtz v. Brennan* (C.A.3, 1995), 52 F.3d 478. In *Eichenholtz,* the circuit court of appeals held that a nonsettling defendant has standing to object to a partial settlement when the district court issues an order barring all claims for contribution or indemnification against the settling defendants. However, here the trial court did not issue an order barring contribution; consequently, *Eichenholtz* is distinguishable.

A showing of formal prejudice is easier where the terms of the settlement or the trial court's approval order contains language purporting to bar the nonsettling defendant's claim for contribution. See *Alumax Mill Products, Inc. v. Congress Financial Corp.* (1990), 912 F.2d 996 (terms of settlement included dismissal with prejudice of nonsettling defendants' cross-claims for

---

**2.** Reporter's Note. Since the announcement of this opinion, Am.Sub.H.B. No. 350, 146 Ohio Laws, Part II, 3867, 3939–3940, which amended and renumbered R.C. 2307.33 as quoted here, has been declared unconstitutional in its entirety. *State ex rel. Ohio Academy of Trial Lawyers v. Sheward* (1999), 86 Ohio St.3d 451, 715 N.E.2d 1062. The language quoted here appears in R.C. 2307.32(F)(2) as amended by Am.Sub.H.B. No. 1, 142 Ohio Laws, Part I, 1673.

contribution); *Wainwright v. Kraftco Corp.* (N.D.Ga.1971), 53 F.R.D. 78 (settlement agreement contained a provision that settling defendants would not be held liable for contribution to the remaining defendants). However, in this case, in its order finding that Seminatore had no standing to object to the settlement, the trial court stated that it had no plans to enter an order that would limit Seminatore's right to seek contribution from the other settling defendants. In fact, neither the settlement nor the trial court's order contained any language barring contribution.

Consequently, we reject Seminatore's claim that the trial court's approval of the settlement caused him to suffer formal legal prejudice. Seminatore has not brought contribution claims against any of the settling defendants. As discussed above, neither the language of the settlement itself nor the language of the court's order approving the settlement contained any language barring Seminatore from asserting any contribution claims against the settling defendants.

Seminatore argues that the settlement in effect triggers the application of R.C. 2307.33(F)(2), which provides that no contribution claim can be brought against a defendant who enters into a good-faith settlement of a tort action. However, the trial court has not determined the applicability of R.C. 2307.33(F)(2) to any such claims by Seminatore, and we believe any discussion on this issue is premature. "[C]ourts have repeatedly held that a settlement which does not prevent the later assertion of a non-settling party's claims, although it may force a second lawsuit against the dismissed parties, does not cause plain legal prejudice to the non-settling party." *Agretti v. ANR Freight Sys., Inc.* (C.A.7, 1992), 982 F.2d 242, 247. See, also, *Quad/Graphics, Inc. v. Fass* (C.A.7, 1983), 724 F.2d 1230, 1233; *Transamerican Refining Corp. v. Dravo Corp.* (C.A.5, 1992), 952 F.2d 898, 900.

Furthermore, R.C. 2307.33 provides that a settlement by one of two or more tortfeasors reduces the plaintiff's claim against the nonsettling tortfeasors to the extent of the greater of any amount stipulated by the release or the amount of the consideration paid for it. See *Niemann v. Post Industries, Inc.* (1991), 68 Ohio App.3d 392, 396, 588 N.E.2d 301, 303. This provision would adequately protect Seminatore's interests if he is ultimately found liable on the plaintiffs' complaint. Consequently, Seminatore has failed to demonstrate any formal legal prejudice suffered as a result of the trial court's approval of the partial settlement. Seminatore's first assignment of error is without merit.

Having concluded that Seminatore lacked standing to object to the partial settlement, we overrule his remaining assignments of error as moot.

*Judgment affirmed.*

KARPINSKI and ROCCO, JJ., concur.