IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
December 7, 2004 Session

# BOBBY R. POSEY, and wife, SABRINA POSEY, and DALE TEAGUE, on behalf of themselves and all others similarly situated, v. DRYVIT SYSTEMS, INC., BARTON-RILEY COMPANY, LLC, BLAZER HOMES, INC., JAMES EDWARD PEE, POLY-M CONTRACTORS, INC., REEVE CONSTRUCTION COMPANY, INC., and THORNTON CONSTRUCTION COMPANY, INC.

**Direct Appeal from the Circuit Court for Jefferson County**
**No. 17,715-IV    Hon. O'Duane Slone, Circuit Judge**

**No. E2004-02013-COA-R9-CV  - FILED JANUARY 4, 2005**

In this appeal we remand to the Trial Court with instructions and lift stay issued by this Court.

**Tenn. R. App. P.3 Appeal as of Right; Judgment of the Circuit Court Remanded to the Trial Court.**

HERSCHEL PICKENS FRANKS, P.J., delivered the opinion of the court, in which SHARON G. LEE, J., and WILLIAM H. INMAN, SR.J., joined.

Julie Murphy Burnstein, for Appellant/Intervenor.

Ellis A. Sharp, Jon M. Cope, Maria Colsey Heard, Peter W. Morgan and R. Bruce Holcomb for Defendant.

Everette L. Doffemyre, Gary Mason, Stuart C. Markman and William Gordon Ball, for Appellee.

**OPINION**

In this appeal, granted pursuant to Rule 9, Tenn. R. App. P., intervenor has appealed from the proceedings in the Trial Court, after remand by this Court, pursuant to its Opinion on March 22, 2004, regarding the class action settlement which had been approved by the Trial Court.

In that Opinion, we found that the homebuilders' motion to intervene was erroneously found to be untimely by the Trial Court, and we held that the homebuilders should have been allowed to intervene as of right pursuant to Tenn. R. Civ. P. 24. Further, the Court ruled that the settlement would be stayed "until the intervenors are allowed to participate in determination of their rights in this action", and explained that the intervenors should "have the same power as the original parties, subject to the authority of the Court reasonably to control the proceedings in the case."

After the mandate issued on June 1, 2004, the Trial Court held a status hearing on June 2, 2004, to determine how the case should proceed, and entered an Order on June 4, 2004, ordering the intervening homebuilders to appear at a status conference on September 27, 2004, and to "be prepared to identify with specificity their individual legal interests impacted by the Settlement Agreement". The Order further provided that since this "provides the Homebuilders with an opportunity to participate in this action so that their rights can be determined, the Court finds that the Settlement is no longer subject to the stay imposed by the Court of Appeals."

The intervenors filed an Objection to Order, asserting that they had not yet been fully heard and objecting to the Trial Court's lifting the stay imposed by this Court. The Court held a further hearing on July 23, 2004, and denied the Motion to Dismiss, and *inter alia* denied the Motion to Reconsider, but did grant the intervenors a stay of the settlement with regarding any claims filed by the homeowners of homes built by the intervenors, and granted permission for this interlocutory appeal.

Intervenors argued that this Court's prior Opinion requires the settlement should be stayed until they can fully participate in the case to the same extent as the original parties. But on remand, the Trial Court immediately lifted the stay and told the intervenors that they had to "identify with specificity their individual legal interest impacted by the Settlement Agreement" at a later hearing. Intervenors argued that since this Court had already found that they had interests which would be impacted by the settlement and thereby allowed them to intervene as a right, the Trial Court had no basis to require them to prove this further, and should have simply stayed the settlement until intervenors could challenge it in its entirety. Intervenors assert that they should be treated as if their Motion to Intervene had been granted prior to the Trial Court's approval of the settlement.

Class counsel admits in the Brief of Appellees that class counsel and Dryvit "urged the Trial Court to allow implementation of the Settlement to continue upon entry of an order providing for the participation of the Intervenors", and that they sought to determine what the intervenors' rights were by discovery. Class action counsel argues that discovery revealed only 4 houses built by the 2 remaining intervenors which could possibly have claims, and that none of those homeowners had filed claims within the claims period, and further "have not brought claims against the Intervenors and are not likely to do so." Even so, class counsel argues that the stay as to these homes only which was imposed by the Trial Court is sufficient to protect the intervenors' rights. Dryvit agrees with class counsel's position.

Appellees' basic concern is that the broader stay damages both Dryvit and class members by delaying repairs and resolution of claims unnecessarily, and that this Court's holding that intervenors had a right to intervene is not an adjudication of the merits of their claims.

The intervenors contend, that they should be treated as if they were original parties to this action, but this does not mean that they have a right to keep the other parties from entering a valid settlement, or to "undo" the settlement that has been made. Other courts have long-recognized the rule that a nonsettling party cannot object to the terms of a settlement which does not affect its own rights. *See Weight Watchers of Philadelphia v. Weight Watchers International*, 455 F.2d 770 (2nd Cir. 1972); *In re Fine Paper Litigation State of Washington*, 632 F.2d 1081 (3rd Cir. 1980); *In re School Asbestos Litigation*, 921 F.2d 1330 (3rd Cir. 1990); *Geier v. Alexander*, 801 F.2d 799 (6th Cir. 1986). However, "a nonsettling defendant may object to a settlement when it can demonstrate that it will suffer some formal legal prejudice as a result of the settlement" - formal legal prejudice can result from a settlement which "purports to strip the nonsettling defendant of an action for indemnity or contribution." *Geyer v. USX*, 896 F. Supp. 1440 (E.D. Mich. 1994); *see also Lesser v. Burry*, 724 N.E.2d 1227 (Ohio Ct. App. 1999).

The issue herein, however, is whether the trial court properly lifted the stay imposed by this Court before a hearing could be held. This Court imposed the stay in order that the intervenors could have their day in court and protect the rights of any in this action, before those rights were compromised in any way by the settlement.

The basis for the stay was to ensure that all evidence pertinent to the fairness and validity of this settlement be heard, whether put forth by the intervenors or anyone else. The Trial Court refused to hear intervenors' evidence regarding the propriety of the settlement in the original fairness hearing, but there is no question that, in a class action such as this, the Trial Court must exercise "the highest degree of vigilance in scrutinizing proposed settlements", and acts as a type of fiduciary for the class members. *See Reynolds v. Beneficial National Bank*, 288 F. 3d 277 (7th Cir. 2002). Courts recognize the importance of the trial court's role in approving class action settlements, and have required the trial court to take extra care when determining if the settlement is fair, considering all the factors as the "risk and likely return to the class of continued litigation", the range of possible outcomes and probability of each, whether class counsel's fees are proportional to the incremental benefits conferred on the class members, etc. *Id.* A review of the transcript of the fairness hearing in this case reveals that the Trial Court's scrutiny of the settlement was cursory at best. The Trial Court is directed to conduct an additional fairness hearing as soon as practicable so that the intervenors' rights can be determined.

The class counsel at oral argument and the appellees' briefs state that they "have made clear that they will not object to the Intervenors' presenting argument concerning any aspect of the Settlement", and that they welcome scrutiny of the settlement, and that they will agree to same

in the interest of putting an end to the litigation.[1]   As this Court noted in its prior Opinion, "This action has such far-reaching implications that consideration of all opposing points of view is imperative."

The case is remanded for an additional fairness hearing, allowing the intervenors to participate fully and present any and all arguments and proof which they feel are necessary for the Court's consideration relevant to the settlement.  Further, this Court lifts the stay it imposed during this appeal on the condition that no legal prejudice results to intervenors' rights to contribution or indemnification which they may establish against any of the parties.

The cause is remanded with the cost of the appeal assessed to the original plaintiffs and defendants in the class action.  The stay issued by this Court is lifted.  The partial stay issued by the Trial Court remains in place.

_____
HERSCHEL PICKENS FRANKS, P.J.

---

[1] This, of course, is a change in their position in the original proceedings, where they vehemently opposed intervenors from being heard.