## CARACCIOLO v BONNELL et

Ohio Appeals, 1st Dist, Hamilton Co

Decided Nov 29, 1937

J. Paul McQueen, Cincinnati, for appellant.

Nicols, Morrill, Wood, Marx & Ginter, Cincinnati, and Milton H. Schmidt, Cincinnati, for appellee, The Matthews Frechtling Dairy Company.

Bert H. Long, Cincinnati, for appellee, Dr. Augustus O. Bonnell.

## OPINION

By HAMILTON, J.

The appellant brought an action against the appellees, Dr. Augustine O. Bonnell and The Matthews, Frechtling Dairy Company and Floyd Foster and John Keller, alleging facts and circumstances which he claims constituted a conspiracy to deprive him of a property right in a certain milk collecting route. Foster and Keller are no longer in the case.

In the amended petition, plaintiff alleges that he was deprived of a property right in a certain milk collecting route, which he had purchased from one Keller for a large sum of money. The claim is that the defendant, Dr. Bonnell and the Dairy Company conspired to deprive him of his property right in this milk collecting route.

At the trial of the case the trial court instructed a verdict for the defendants, and the plaintiff appealed to this court on questions of law. His claim is that he presented facts which required a submission of the case to the jury.

Two questions are presented:

First: Did plaintiff, appellant, have any property right which was interfered with by an action of the defendant, appellees?

Second: Was there any evidence of a conspiracy to deprive the appellant of any property right?

The essential facts as presented by the record are briefly as follows:

A large number of farmer producers of milk entered into an association known as the K. I. O. Milk Producers' Association for their mutual benefit and protection. Certain rules and regulations were adopted by the Association and each farmer producer who desired to become a member of the association. Under its organization, the association produced an outlet for the milk produced by the members, by arranging sale price and the dealers to which the milk should be delivered. It mapped out certain territory in certain districts and employed a truck and driver to collect the milk and deliver the same to. the dairy designated by it.

In its system it had a route designated No. 100 between Morrow and Cincinnati, which milk was sold to the Matthews, Frechtling Dairy Company. It contracted in writing with one Floyd Foster to use his truck to collect the milk over this route No. 100 and deliver it to the Matthews, Frechtling Dairy Company. Foster was paid under an agreement with K. I. O. by the Dairy Company so much per pound, and that sum was charged back against the sum due the producer. Under Foster's contract with the K. I. O. Association, all he had to do was to take his truck and collect the milk, placed in position for him by the producer and deliver it to the dairy. Foster sold his job, or as they call it his milk collecting route to the plaintiff in this case for quite a large sum of money.

The first question is, did he have anything to sell?

It is the law that a contract for personal service may not be transferred, sold, or assigned, without the consent of the other contracting party, his employer. That Foster was an employee for personal service is beyond question. There is no element of property right in his work.

Plaintiff sought to show that the milk association consented to the sale and was estopped to deny that fact. The only evidence as to the knowledge of the K. I. O. Association, which is not a party in this action, had of the sale was given by the president and Dr. Bonnell, one of the defendants, where it is stated, that Foster said to the president, and in the hearing of Dr. Bonnell that he was going to sell out his route, and the president told him not to do it. Plaintiff suggests that they did have knowledge that Foster was going to sell notwithstanding their advice that he not do so, and that this knowledge estopped them from denying their consent to the sale, which, of course, is not tenable. There is no consent to the sale nor is there any estoppel. The acts of the defendant Dairy Company and Dr. Bonnell may be summed up in that the plaintiff started to collect and haul the milk, and did so for ten or twelve days. The Dairy Company which had all their contracts and arrangements with the K. I. O. notified the president of the K. I. O. Association that they were dissatisfied with the deliveries made by the plaintiff, that he was frequently late, which disrupted its organization, and if not corrected the association could take the milk some other place, that they could not receive it and

handle it. Thereupon the president directed Dr. Bonnell the field man of the association to go out over the route and arrange for a new driver to collect the milk, and notified the Dairy Company that it had arranged for a new driver, one Keller, and when the plaintiff brought in the cans, which belonged to the producers, to hold them and turn them over to Keller, which was done.

Certainly there is no evidence whatsoever of any conspiracy to deprive the plaintiff of any property right in the milk route. The Dairy Company did nothing to aid any conspiracy to deprive the plaintiff of any property right.

Dr. Bonnell could not be held for conspiracy, since conspiracy cannot be charged to an individual.

On the whole, we find no evidence of a conspiracy, and in fact all that Dr. Bonnell did was under the direction of the president of the K. I. O. Association, which is not a party to this action.

We find no error in the record, to the prejudice of the appellant. The judgment is affirmed.

ROSS, PJ, and MATTHEWS, J, concur.