*459
 
 Zimmerman, J.
 

 We are presently concerned only with the legality of the service on the defendant in Van "Wert county, under a summons issued in Allen county upon a petition filed against him in the Court of Common Pleas of Allen county. For the purposes of this decision, the averments of the petition must be taken as true.
 

 As a general proposition, the venue of civil actions is a matter wholly within the legislative discretion.
 

 Section 6308, General Code, provides:
 

 . “Actions for injury to a. person or property, caused by the negligence of the owner or operator of a motor vehicle, may be brought, by the person injured, against such owner, or operator in the county wherein such injury occurs. A summons in such action against any defendant or defendants shall be issued to the sheriff of any county within this state wherein such defendant or defendants reside and may be served as in other civil actions, notwithstanding any contrary provision of law for the service of summons in civil actions.”
 

 This court recently held in the case of
 
 Snavely
 
 v.
 
 Wilkinson, Exr.,
 
 138 Ohio St., 125, 33 N. E. (2d), 999, that the quoted section does not confer a right of action or create a liability, but is a remedial statute relating solely to the venue and should be construed and applied with liberality to accomplish the clear and obvious purpose of its enactment. • Hence, an action for injury caused" by the negligent operation of a motor vehicle by its owner or operator, thereafter deceased, may be brought against the personal representative of such owner or operator in the county wherein such injury occurred, and summons may be issued and served as provided by the statute.
 

 See
 
 Carrier
 
 v.
 
 Neal, Admx.
 
 (Ohio App.), 35 N. E. (2d), 870, affirmed on authority of the
 
 Snavely case
 
 by a
 
 per curiam
 
 opinion in 138 Ohio St., 131, 33 N. E.
 
 *460
 
 (2d), 1002;
 
 Pappas
 
 v.
 
 Jeffrey Mfg. Co.,
 
 139 Ohio St., 637, 41 N. E. (2d), 864. Compare,
 
 Harris
 
 v.
 
 Owens, Admr.,
 
 142 Ohio St., 379, 52 N. E. (2d), 522.
 

 As was said in the
 
 Suavely case,
 
 the obvious purpose of Section 6308 is to authorize actions of the kind described therein to be tried in the county where the injury occurred, in order that the issues may be determined with greater fairness, convenience and economy for all concerned.
 

 The situation involved in the
 
 Suavely case
 
 and in the present one is somewhat similar. In the former the defendant was the executor of the estate of the alleged tort-feasor, while here the plaintiff is the assignee or subrogee of one whose motor vehicle is alleged to have been negligently injured.
 

 According to the general rule, an assignee or subrogee of a claim stands in the shoes of the assignor or subrogor, and succeeds to all the
 
 rights and remedies
 
 of the latter. 3 Ohio Jurisprudence, 275, Section 32; 38 Ohio Jurisprudence, 300, Section 51; 4 American Jurisprudence, 321, Section 115; 50 American Jurisprudence, 752, Section 110; 6 Corpus Juris Secundum, 1142, Section 85.
 

 Applying to this case the rules enunciated in the
 
 Suavely case
 
 and the other cases decided by this court in which Section 6308, General Code, was liberally interpreted, we conclude that the judgment of the Court of Appeals should be and is hereby affirmed.
 

 Judgment affirmed.
 

 Weygandt, C. J., Williams, Turner, Matthias and Hart, JJ., concur.