**In re Jose A. & Juanita A. POPOCA, Debtor.**

**Jose Angel POPOCA and Juanita Alma Popoca, Plaintiff,**

v.

**HOUSEHOLD RETAIL SERVICES, INC., Defendant.**

**Bankruptcy No. 81–0108. Related Case: 80–02093.**

United States Bankruptcy Court, N. D. Ohio, W. D.

Sept. 15, 1981.

J. Vincent Buchanan, Risingsun, Ohio, for plaintiff.

Richard J. Szczepaniak, Hunter & Schank, Toledo, Ohio, for defendant.

## MEMORANDUM OPINION AND ORDER

RICHARD L. SPEER, Bankruptcy Judge.

This cause came to be heard upon the Complaint of the Debtors' to Avoid the Lien taken on their household and personal goods under Bankruptcy Code Section 522(f). At the pre-trial, both parties consented to a judgment based upon the memoranda filed.

It appears that the facts in the case are not in dispute. The Debtors purchased furniture from Lasch's Furniture and T.V., Inc. (Lasch). The purchases were financed through retail installment contracts. Subsequent to these purchases, Lasch assigned its interest in the retail installment contracts to Household Retail Services, Inc. The sole issue to be resolved is whether a third party assignee of a purchase money security interest continues to have all the rights of the assignor. In other words, does Household Retail Services hold a purchase money security interest in these household goods of the Debtors?

The Bankruptcy Code is silent on this subject, so the issue must be resolved through the guidance of the State law.

Ohio has adopted the Uniform Commercial Code, Sections 1309.01 et seq. The definition of a purchase money security interest is found in Section 1309.05 which states the following:

"A security interest is a 'purchase money security interest' to the extent that it is:

(A) taken or retained by the Seller of the collateral to secure all of (or) part of its price; or

(B) taken by a person who by making advances or incurring an obligation gives value to enable the debtor to acquire rights in or the use of collateral if such value is in fact so used."

It appears the actual dispute is whether the Court may or may not rely upon the Official Comments to the Uniform Commercial Code (UCC), for the answer to our issue is addressed there. The Official Comments state in pertinent part the following:

"... Under this section a seller has a purchase money security interest if he retains a security interest in the goods; *a financing agency has a purchase money security interest when it advances money to the seller, taking back an assignment of chattel paper, ....*"

The Plaintiff-Debtors argue that the Official Comments are irrelevant to the interpretations made by a Court; that a Court is required to interpret the meaning of the statutes as written. The Comments are placed in the UCC as an aid to those reading the Code; they explain the purpose and intent of the sections and the changes in the prior law which were affected by the Code. The Comments need not be strictly adhered to, however in this case, they appear to mirror the available case law on the subject.

There appears to be little case law on this subject, however what case law there is, appears to be uniform in its treatment of this issue. West's *Uniform Laws Annotated*, Uniform Commercial Code, Volume 2 Secured Transactions sets forth the view and rationale. It indicates that where collateral remains in the debtor's possession, the UCC's purchase money security interest is the most effective means of protecting the secured position of the creditor against the risks associated with lending. In that position, the seller, or the financer who takes an assignment from the seller, is relatively sure the buyer has not previously encumbered the goods. Thus, where a financing agency takes from the seller a transfer of the buyers' conditional sales contract, there is an assurance that *all* of the seller's interest, as well as that created by the buyer, is transferred.

It is clearly held in contract law that where there is an assignment, the assignee of a claim stands in the place of the assignor and succeeds to all his rights and remedies. *Inter Insurance Exchange of the Chi-*

*cago Motor Club v. Wagstaff*, 144 Ohio St. 457, 30 O.O. 44, 59 N.E.2d 373 (1945); 68 Am.Jur.2d, Secured Transactions, § 108. The above axiom is true in all cases except those involving personal confidential relations, those contracts requiring exceptional skill or knowledge, and those specifically disallowed by statute or the contract itself. *Chapin v. Longworth*, 31 Ohio St. 421 (1877); *Caracciolo v. Bonnell*, 10 O.O. 206, 57 Ohio App. 397, 14 N.E.2d 361 (1937).

■ Clearly, that if a purchase money security interest can exist between a seller and a buyer, and a purchase money security interest can exist between a buyer and a third party, then surely a purchase money security interest should also exist between a third party and the seller.

Two cases dealing with transactions similar to those in the present case are *In re Ten Brock*, 4 U.C.C.Rep. 712 (W.D.Mich. 1966); and *G.M.A.C. v. Troville*, 6 U.C.C. Rep. 409 (N.D.Mass.1969).

The case of *In re Ten Brock*, 4 U.C.C.Rep. 712 (W.D.Mich.1966), illustrates this point of view. In *Brock*, the consumer good was a camper-trailer which was purchased by the Debtors from a sporting goods store. The installment agreement was then assigned to a bank. The Court held that the Bank, as assignee of the sporting goods store, had a purchase money security interest in the camper which was then valid as against the trustee of the Debtors' estate. This position is further illustrated in 48 O.Jur.2d, Secured Transactions, § 43, § 124, *G.M.A.C. v. Troville*, 6 U.C.C.Rep. 409 (N.D. Mass.1969). It is therefore

ORDERED, ADJUDGED AND DECREED that the security interest held by Household Retail Services is a purchase money security interest thereby removing this case out of the purview of Bankruptcy Code § 522(f)(2). The Complaint to Avoid the Lien of Household Retail Services is hereby Dismissed.