[Cite as *Bank of New York Mellon v. Huth*, 2014-Ohio-4860.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
LUCAS COUNTY

The Bank of New York Mellon, etc.

    Appellee

v.

Rowland Huth, et al.

    Appellants

Court of Appeals Nos. L-12-1241
L-12-1283

Trial Court No. CI0201103428

**DECISION AND JUDGMENT**

Decided: October 31, 2014

* * * * *

Brooke Turner Bautista, James S. Wertheim and Monica Levine
Lacks, for appellee.

George R. Smith, Jr., for appellants.

* * * * *

**PIETRYKOWSKI, J.**

**{¶ 1}** Rowland and Donna Huth, appellants, appeal judgments of the Lucas

County Court of Common Pleas in foreclosure proceedings brought by appellee, The

Bank of New York Mellon fka The Bank of New York, as Trustee for the

Certificateholders CWALT, Inc. Alternative Loan Trust 2006-OC1 Mortgage Pass-Through Certificates. Series 2006-OC1 ("BONY"). The foreclosure action was brought on a promissory note and mortgage executed by appellants on October 26, 2005, in a loan transaction to refinance their home loan.

{¶ 2} BONY filed the foreclosure complaint on May 24, 2011, alleging that (1) it is the holder of the October 26, 2005 promissory note and mortgage executed by appellants, (2) appellants breached the terms and conditions of the note, and (3) that BONY accelerated the indebtedness under the note as a result of the breach. BONY sought judgment against appellants on the debt and foreclosure on the property that is subject to mortgage executed in the loan transaction. Appellants filed an answer and counterclaim on August 29, 2011, and a first amended and supplemental answer and counterclaim, on February 1, 2012.

{¶ 3} BONY filed a Civ.R. 12(B)(6) motion to dismiss the first amended counterclaim on March 7, 2012. In the motion, BONY contended that the amended counterclaim must be dismissed due to the settlement and dismissal of prior claims brought by appellants against Intervale, the originating lender, in a prior case. On May 3, 2012, the trial court issued an order converting the motion to dismiss appellants' counterclaim into a Civ.R. 56 motion for summary judgment on the counterclaim. The trial court allowed the parties additional time to submit additional evidence as to (1) the

2.

nature and content of the complaint and ultimate settlement of the prior litigation, and (2) whether Countrywide Home Loans, Inc. ("Countrywide") was a holder of the loan note at any given time.

{¶ 4} On May 16, 2012, appellants filed a cross-motion for summary judgment against BONY on the foreclosure action.

{¶ 5} In a judgment journalized on August 10, 2012, the trial court entered an opinion and judgment on the motions. The trial court granted BONY's motion for summary judgment on appellants' counterclaim, denied appellants' motion for summary judgment on the foreclosure and instead ordered summary judgment for BONY on the foreclosure. The court ruled that BONY was entitled to have the mortgage foreclosed and the property covered by the mortgage sold in a manner prescribed by law. The court instructed counsel for BONY to prepare an appropriate judgment entry of foreclosure and sale in accordance with the trial court's opinion and judgment.

{¶ 6} Appellants filed a motion for reconsideration. The trial court denied the motion in a judgment filed on September 21, 2012. The trial court also filed a judgment decree of foreclosure and order of sale on September 21, 2012.

{¶ 7} Appellants have filed notices of appeal with respect to the August 10, 2012 judgment and the September 21, 2012 judgment decree of foreclosure and sale. We have consolidated the appeals for proceedings in this court.

**{¶ 8}** Appellants assert three assignments of error on appeal:

## Assignments of Error

Assignment of Error No. 1:  The trial court erred in granting summary judgment sua sponte to plaintiff on its complaint in that it impermissibly weighed evidence and made credibility determinations in violation of Civ.R. 56, failed to construe the evidence most strongly in favor of the defendants and granted summary judgments without first providing defendants the opportunity to conduct discovery and bring all relevant evidence and arguments before the court.  (Opinion and Judgment Entry E-Journalized August 10, 2012.)

A.  The trial court erred in holding the Huths' release of claims against Intervale in prior litigation barred them from raising the same claims in defense of BONY's subsequent Foreclosure Action.  The Huths' claims against Intervale were solely for money damages arising from torts committed by it in connection with the underlying loan transaction, Intervale did not hold the note and the trial court's finding that BONY was an assignee of Intervale (and not Countrywide (CHL)) was not supported by admissible Rule 56 evidence, was in direct conflict with the evidence before the court, was improperly based upon a narrow and unfavorable

construction of the Huths' pleadings and the judicial admissions made by CHL in the prior litigation. (Opinion and Judgment Entry E-Journalized August 10, 2012.)

B. The trial court erred in granting summary judgment to plaintiff without addressing the affirmative defenses raised by defendants. (Opinion and Judgment Entry E-Journalized August 10, 2012.)

C. The trial court erred in granting summary judgment to plaintiff without first providing defendants an opportunity to conduct discovery. (Opinion and Judgment Entry E-Journalized August 10, 2012.)

D. The trial court erred in finding the Huths lacked standing to challenge the assignment of their loan to BONY. (Opinion and Judgment Entry E-Journalized August 10, 2012.)

Assignment of Error No. 2: The trial court erred in granting summary judgment to BONY on the Huths' counterclaims. Intervale had no right to enforce the note and BONY, as an assignee of countrywide, was not in privity with Intervale and the Huths' counterclaims against BONY were therefore not barred by res judicata. (Opinion and Judgment Entry E-Journalized August 10, 2012.)

Assignment of Error No. 3: The trial court erred in denying defendants' motion for summary judgment on plaintiff's complaint. BONY was in privity with Countrywide, a party to prior litigation, and is bound by

admissions made therein and its failure to intervene and file or cause to be filed a compulsory counterclaim for foreclosure in that prior action, or otherwise protect its interest bars it from bringing the instant action. (Opinion and Judgment Entry E-Journalized August 10, 2012.)

    A. Collateral estoppel and res judicata bar BONY's claim.

    B. BONY's claim is barred by the doctrine of waiver by estoppel.

    C. BONY's claims are barred by the clean hands doctrine.

    D. Judicial admissions made by CHL in the prior litigation are binding on BONY.

## Summary Judgment

**{¶ 9}** Appellate review of trial court judgments granting motions for summary judgment is de novo; that is, an appellate court applies the same standard in determining whether summary judgment should be granted as the trial court. *Grafton v. Ohio Edison Co.,* 77 Ohio St.3d 102, 105, 671 N.E.2d 241 (1996). To prevail on a motion for summary judgment the moving party must demonstrate:

> (1) that there is no genuine issue as to any material fact; (2) that the moving party is entitled to judgment as a matter of law; and (3) that reasonable minds can come to but one conclusion, and that conclusion is adverse to the party against whom the motion for summary judgment is

6.

made, who is entitled to have the evidence construed most strongly in his favor. *Harless v. Willis Day Warehousing Co.*, 54 Ohio St.2d 64, 66, 375 N.E.2d 46 (1978).

{¶ 10} The grant of summary judgment is limited to circumstances where there is no dispute of material fact. Civ.R. 56(C) provides:

Summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.

{¶ 11} The trial court granted BONY's converted motion for summary judgment on appellants' counterclaim, denied appellants' cross-motion for summary judgment on the complaint, and without motion entered summary judgment in favor of BONY and against appellants on the complaint. Ordinarily, Civ.R. 56 does not authorize a court to grant summary judgment in favor of a non-moving party:

"While Civ.R. 56 does not ordinarily authorize courts to enter summary judgment in favor of a non-moving party, * * * an entry of summary judgment against the moving party does not prejudice his due process rights where all relevant evidence is before the court, no genuine issue as to any material fact exists, and the non-moving party is entitled to judgment as a matter of law." *State ex rel. Cuyahoga Cty. Hosp. v. Ohio*

7.

*Bur. of Workers' Comp*. (1986), 27 Ohio St.3d 25, 28, 27 OBR 442, 500 N.E.2d 1370; *State ex rel. Lowery v. Cleveland* (1993), 67 Ohio St.3d 126, 128, 616 N.E.2d 233 ("the court's summary judgment for relator neither prejudiced the city's procedural rights nor denied the city an opportunity to submit evidence"). *State ex rel J.J. Detweiler Ents., Inc. v. Warner*, 103 Ohio St.3d 99, 2004-Ohio-4659, 814 N.E.2d 482, ¶ 13.

{¶ 12} Appellants acknowledge in their appellate brief that a trial court can grant summary judgment in favor of a non-moving party in limited circumstances where all relevant evidence is before the court, there is no genuine dispute of material fact, and the non-moving party is entitled to judgment as a matter of law. Appellants have raised no general objection to the trial court's grant of summary judgment against them on the ground the court did so sua sponte.

## Prior Litigation

{¶ 13} On April 30, 2009, appellants filed a complaint against Intervale Mortgage Corp. ("Intervale")(the originating lender), E-Lending Corp. ("E-Lending")(the mortgage broker who solicited appellants to refinance their home), Dean Lampert (a loan officer at E-Lending), GMAC Mortgage, LLC ("GMAC"), and Countrywide Home Loans, Inc. ("Countrywide") in the Lucas County Court of Common Pleas. The case was entitled *Huth v. E-Lending Corp.*, Lucas County C.P. case No. CI0200903983.

{¶ 14} The trial court provided a detailed description of the allegations of fact and claims asserted in the prior litigation in its August 9, 2012 judgment:

8.

The complaint alleged that in October 2005, the Huths contacted E-Lending in response to a solicitation they received regarding their pre-qualification for a refinancing loan. After discussing the offer with Lampert, the Huths decided to proceed with the loan that promised consolidation of their credit card debt and the ability to refinance 120% of the value of their home. The Huths claimed, however, that Lampert had knowingly misrepresented the availability of these options to the Huths, who had relied upon the representations when entering into the contract.

The Huths found out, prior to the closing of that loan, that they would not be able to consolidate their debt, yet they proceeded to closing anyway because Lambert assured them he would be able to get the Huths a lower interest rate and that the Huths would still receive a net benefit. Accordingly, Lampert placed the Huths in an interest only, adjustable rate first mortgage loan even though he knew the refinancing would not lower the Huths' interest rate and that the Intervale loan was inferior to the Huths' then-existing loans with ABN AMRO and Key Bank. Consequently, the Huths alleged that the small cash payout they received from the refinancing did not justify the cost of the refinance or the unfavorable change in terms.

As further alleged in the Huths' previous case, the Huths closed on the first loan by mail on October 24, 2005. After the closing, the Huths discovered that the loan contained an unfavorable prepayment penalty

clause to which they had originally objected. Because of this, the Huths cancelled the Intervale loan on the next day. When the Huths subsequently complained to Lampert about the pre-payment penalty clause and his broker fees, Lampert apologized and promised the Huths that if they agreed to the loan, he would refinance them into a better loan, free of charge, after one year. Again, the Huths relied on Lampert's representations and closed on a second loan with Intervale on October 26, 2005. It was not until they attempted to refinance one year later that they discovered the prepayment penalty on the Intervale note which prevented them from refinancing as Lampert had promised. As a result, Huths' loan payments and interest rate increased under the first loan with Intervale, and they defaulted on their loan payments.

Based on these allegations, the Huths brought the following causes of action in their prior suit: breach of fiduciary duty and inducing breach of fiduciary duty; violation of the Ohio Mortgage Brokers Act as to E-Lending and Lampert; fraud as to E-Lending, Lampert, and Intervale; civil conspiracy as to E-Lending, Lampert and Intervale; unconscionability; and predatory lending.

{¶ 15} Appellants filed a complaint and then a first amended complaint in the prior case. In the first amended complaint, appellants identified GMAC and Countrywide, upon information and belief, as assignees of the first and second mortgage

loans originated by Intervale, respectively. Appellants did not allege any wrongdoing by GMAC or Countrywide. Appellants alleged the GMAC and Countrywide were necessary parties.

{¶ 16} The prayer for relief against GMAC or Countrywide sought was a demand that the first and second mortgage notes to Intervale and the mortgages given to secure payment of those obligations be declared void and unenforceable and that the court order rescission of the loans and order Countrywide and GMAC to release the mortgages of record.

{¶ 17} Both GMAC and Countrywide admitted in their answers to the original complaint in the case that they were assignees of the respective Intervale loans. In its answer to the first amended complaint, however, Countrywide denied the allegation as to it and identified BONY, appellee, as the "current assignee."

{¶ 18} The Huths ultimately reported the case settled and dismissed the case. Appellants filed a notice of dismissal on May 3, 2011. The notice stated that "all matters in controversy between plaintiffs and defendant Intervale Mortgage Corporation have been settled and resolved." The notice also stated that the Huths dismissed their claims against Intervale with prejudice, pursuant to Civ.R. 41(A)(1)(a). In the notice of dismissal, appellants also dismissed their claims against Countrywide, pursuant to Civ.R. 41(A)(1)(a), "without prejudice, specifically reserving the right to re-file."

11.

**Counterclaim in this Case**

{¶ 19} In the counterclaim in this case, appellants allege that Intervale and E-Lending knowingly and intentionally engaged in conduct constituting fraud, inducing breach of fiduciary duty, civil conspiracy, unconscionability, and predatory lending. Appellants alleged that "Intervale sold the loan to Countrywide Home Loans, Inc. * * * which subsequently sold, transferred or assigned the note and mortgage or caused them to be assigned to plaintiff."

{¶ 20} Appellants do not allege any wrongdoing by BONY in the counterclaim. Appellants allege in the counterclaim that BONY is not a holder in due course and "took assignment of the mortgage and note with actual notice of the claims and defenses asserted by defendants herein and is subject to all claims and defenses which defendants could assert against the original payee (Intervale) by way or recoupment or set-off up to the amount of the indebtedness on which it sues."

{¶ 21} We consider appellants' assignments of error out of turn. We begin with a clarification as to a matter of procedure. On March 7, 2012, appellee filed a Civ.R. 12(B)(6) motion to dismiss for failure to state a claim upon which relief be granted, based upon the claim that appellants' claims are barred because of the settlement with Intervale and dismissal of the prior case against Intervale with prejudice. Appellee submitted as exhibits to the motion two exhibits—a copy of the first amended complaint in the prior case and a copy of the notice of dismissal, dismissing claims against Intervale with prejudice and claims against Countrywide without prejudice.

12.

**{¶ 22}** In a May 3, 2012 judgment, the trial court converted the motion into a motion for summary judgment pursuant to Civ.R. 12(B)(6). The civil rule provides that "[w]hen a motion to dismiss for failure to state a claim upon which relief can be granted presents matters outside the pleading and such matters are not excluded by the court, the motion shall be treated as a motion for summary judgment and disposed of as provided in Rule 56."

**{¶ 23}** We address the central issues in the appeal and then return to the assignments of error in turn.

### Standing to Challenge Validity of Assignment of Loan

**{¶ 24}** Appellants argue that the trial court erred in finding that appellants lacked standing to challenge the assignment of their loan to BONY. Appellants argued in the trial court that their loan was not properly included in the CWALT, Inc. Alternative Loan Trust because the assignment of mortgage was not executed or recorded until after the closing date for the trust, in violation the Pooling Servicing Agreement ("PSA").

**{¶ 25}** The trial court concluded that appellants were not parties to the PSA and lacked standing to challenge the assignment of their mortgage for claimed breach of the PSA. Appellants have not claimed the status as a third-party beneficiary to the PSA. In such circumstances this court has previously held that a mortgage borrower, not a party to an assignment of the mortgage, lacks standing to challenge the assignment. *Bank of Am., N.A. v. Hizer*, 6th Dist. Lucas No. L-13-1035, 2013-Ohio-4621, ¶ 22. Other courts are in accord:

Ohio courts have routinely found that when a debtor or mortgagor is neither a party to, nor a third-party beneficiary of, the assignment of a mortgage, the debtor or mortgagor lacks standing to challenge the validity of the mortgage assignment between an assignor and an assignee. *LSF6 Mercury REO Invests. Trust Series 2008-1 c/o Vericrest Fin., Inc. v. Locke*, 10th Dist. Franklin No. 11AP-757, 2012-Ohio-4499, ¶ 28; *Bank of New York Mellon v. Froimson*, 8th Dist. Cuyahoga No. 99443, 2013-Ohio-5574, ¶ 17-18.  *Buckner v. Bank of New York*, 12th Dist. Clermont No. CA2013-07-053, 2014-Ohio-568, ¶ 15.

{¶ 26} We conclude that the trial court did not err in holding that appellants lacked standing to challenge the assignment of their mortgage based upon a claimed breach of the pooling and servicing agreement.

### Argument Foreclosure Action Barred as Compulsory Counterclaim in Prior Proceedings

{¶ 27} Appellants argue that the trial court erred in failing to rule that appellee's action in foreclosure is barred because Countrywide failed to assert the claim for foreclosure as a compulsory counterclaim in the prior litigation.  The prior proceedings against Countrywide, however, did not proceed to final judgment on the merits.  The claims against Countrywide in the case were voluntarily dismissed without prejudice pursuant to Civ.R. 41(A)(1)(a).

14.

{¶ 28} Appellee argues that the trial court judgment is correct on two grounds. First it argues that the trial court was correct that appellee's action on the mortgage debt was not a compulsory counterclaim to claims asserted by appellants in their prior case. Appellee argues first, that the foreclosure action was not a compulsory counterclaim under Civ.R. 13(A) and second, that the voluntary dismissal of claims against Countrywide precludes any bar under Civ.R. 13 for failure to file a compulsory counterclaim.

{¶ 29} It is unnecessary to address whether the foreclosure action was a compulsory counterclaim in the prior litigation. The voluntary dismissal of the claims against Countrywide in the prior action eliminated any potential bar under Civ.R. 13(A).

{¶ 30} Where a case is voluntarily dismissed pursuant to Civ.R. 41(A)(1), the case is treated as if it had never been filed. *Zimmie v. Zimmie*, 11 Ohio St.3d 94, 95, 464 N.E.2d 142 (1984); *Port Authority of Vermillion v. Coyle*, 6th Dist. Erie No. E-96-066, 1997 WL 195458, *5 (Apr. 18, 1997). Where the defendant failed to file a compulsory counterclaim in the dismissed case, Ohio courts recognize that Civ.R. 13(A) does not bar the claim, since there was no pending case in which to file a compulsory counterclaim. *Port Authority* at *5; *Climaco, Seminatore, Delligatti & Hollenbaugh v. Careter*, 100 Ohio App.3d 313, 322-323, 653 N.E.2d 1245 (10th Dist.1995); *Jackson v. Simmons*, 8th Dist. Cuyahoga No. 61906, 1993 WL 58620, *1 (Mar. 4, 1993).

15.

{¶ 31} Accordingly, we conclude that appellants' argument that the foreclosure action was barred under Civ.R. 13(A) for failure to file it as a compulsory counterclaim in the prior action is without merit.

**Effect of Settlement and Dismissal With Prejudice**
**of Claims Against Intervale in Prior Litigation**

{¶ 32} As discussed earlier, appellants have not claimed any wrongdoing by BONY with respect to the mortgage loan. In the prior litigation, appellants asserted Countrywide was an assignee of the mortgage loan and a necessary party, but did not allege any wrongdoing by Countrywide. Appellants claim that BONY is not a holder in due course and is subject to the same defenses to proceedings on the note and mortgage as they have against Intervale.

{¶ 33} Appellee argued in the trial court that the claims against Intervale were settled and dismissed with prejudice in the prior litigation and that the Intervale settlement acted to bar appellants from asserting the same claims and defenses in this case. BONY made this argument on two alternative grounds, first on the grounds that the claims and defenses are barred by res judicata and second, on the grounds that the claims were extinguished under the common law doctrine that release of a party primarily liable operates to release a party only secondarily liable.

{¶ 34} The trial court held that the claims were barred under res judicata, but did not address the issue of whether the claims were also bared under the primary/secondary argument in its judgment. Appellants argue that res judicata does not apply.

16.

## Res Judicata

**{¶ 35}** The Supreme Court of Ohio has broadly defined res judicata in these terms:

A final judgment or decree rendered upon the merits, without fraud or collusion, by a court of competent jurisdiction is conclusive of rights, questions and facts in issue as to the parties and their privies, and is a complete bar to any subsequent action on the same claim or cause of action between the parties or those in privity with them. *Norwood v. McDonald*, 142 Ohio St. 299, 52 N.E.2d 67 (1943), paragraph one of the syllabus; *Newcomer v. Newcomer*, 6th Dist. Lucas No. L-13-1029, 2013-Ohio-5626, ¶ 13.

**{¶ 36}** "An assignee of an interest in a promissory note and mortgage is in privity with its assignor for purposes of res judicata." *EMC Mtge. Corp. v. Jenkins*, 164 Ohio App.3d 240, 2005-Ohio-5799, 841 N.E.2d 855, ¶ 20 (10th Dist.); *Diversified Fin. Servs., Inc. v. Wood*, 4th Dist. Lawrence No. 96 CA 9, 1996 WL 560487, *2 (Sept. 26, 1996). Generally, "an assignee * * * stands in the shoes of the assignor * * * and succeeds to all the rights and remedies of the latter." *Inter Ins. Exchange of Chicago Motor Club v. Wagstaff*, 144 Ohio St. 457, 460, 59 N.E.2d 373 (1945)

**{¶ 37}** As the movant on the motion for summary judgment, BONY held the burden of establishing that there was no dispute of material fact on the issue.

17.

{¶ 38} Appellants argue that BONY failed to establish that it is in privity with Intervale for purposes of res judicata. BONY contends that the evidence demonstrates it was the assignee of Intervale on the promissory note and therefore in privity with Intervale.

{¶ 39} BONY did not allege that it was the assignee of Intervale in its complaint and has not submitted an affidavit or evidentiary material directly addressing the issue. BONY submitted the affidavit of Cindy Morris in support of its motion for summary judgment. The affidavit stated BONY held possession of the promissory note. The affidavit did not address whether BONY was also the assignee of Intervale on the note.

{¶ 40} The affidavit of Andrija Kostanjevec, also submitted by BONY in support of its motion, states that Countrywide "was not the owner of the Huth's Loan at any time after January 30, 2006." The affidavit does not directly address whether Intervale assigned the note to Countrywide and, if so, in what capacity. The affidavit also does not state whether Intervale assigned the loan note to BONY.

{¶ 41} We conclude that BONY failed to meet its burden of demonstrating that there was no dispute of material fact on the issue of whether BONY was in privity with Intervale with respect to appellants' October 26, 2005 loan. Accordingly, we conclude that the trial court erred in granting summary judgment to BONY and against appellants on appellants' counterclaim on res judicata grounds. We conclude, however, that the grant of summary judgment is fully supported on alternative grounds.

18.

**Release of Party Primarily Liable**

{¶ 42} We next consider whether under common law the settlement of all claims against Intervale operated to extinguish the defenses and claims in recoupment asserted by appellants in their counterclaim against BONY. The trial court did not address this issue in its decision and judgment granting summary judgment to BONY.

{¶ 43} As stated earlier in this decision, appellants' claims and defenses asserted against BONY in this case are not based on any claimed wrongdoing by BONY. Appellants contend that BONY should be held liable for the alleged wrongdoing of Intervale, because BONY is not a holder in due course and is therefore subject to all claims and defenses that could have been raised against Intervale.

{¶ 44} BONY disputes the contention that it is not a holder in due course. For purposes of its motion for summary judgment, however, it argues that even if it were not a holder in due course the settlement and dismissal of claims against Intervale operated to extinguish liability based upon claims and defenses that could have been raised against Intervale.

{¶ 45} The common law principle relating to the effect of a settlement with a person primarily liable on the liability of persons only secondarily liable states:

> Under the common law of Ohio, the release of a party who is
> primarily liable operates also as a release of any party who was only
> secondarily liable. *Bello v. Cleveland* (1922), 106 Ohio St. 94, 138 N.E.

19.

526; cf. *Losito v. Kruse* (1940), 136 Ohio St. 183, 16 O.O. 185, 24 N.E.2d 705. *Niemann v. Post Industries, Inc.*, 68 Ohio App.3d 392, 396, 588 N.E.2d 301 (10th Dist.1991).

{¶ 46} Appellants argue that it reserved rights against Countrywide because it dismissed Countrywide without prejudice and that BONY is subject to claims as an assignee of Countrywide.

{¶ 47} We disagree. The fact remains that appellants dismissed all claims against Intervale with prejudice. The claims and defenses in this case are predicated on the vicarious liability of BONY for Intervale, who was primarily liable.

{¶ 48} Operation of this common law principle requires no inquiry into the chain of ownership of appellants' note and mortgage. It does not matter whether the chain of ownership includes Countrywide or others. The dismissal of all claims against Intervale with prejudice operated to discharge all others only secondarily liable—based on liability arising from a claim they were not holders in due course. *See Hillyer v. E. Cleveland,* 155 Ohio St. 552, 560-561, 99 N.E.2d 772 (1951).

{¶ 49} We conclude that the trial court erred in granting appellee summary judgment on appellants' counterclaim on the basis of res judicata, but affirm the judgment on the basis that the counterclaim is barred on the basis that a release of a person primarily liable operates also as a release of any party who was only secondarily liable.

20.

{¶ 50} We address the remaining issues under appellants' assignment of error in turn.

**Assignment of Error No. 1**

{¶ 51} Under assignment of error No. 1(A), appellants argue that the trial court erred in holding that appellants' claims and defenses against BONY were barred by res judicata because of the settlement and dismissal of claims against Intervale in prior proceedings. The court has reversed the grant of summary judgment on res judicata grounds but determined that the grant of summary judgment was appropriate under alternative grounds.

{¶ 52} We find assignment of error No. 1(A) well-taken in part.

{¶ 53} Under assignment of error No. 1(B), appellants claim in part that the trial court erred in failing to hold that the foreclosure action was barred because it was not asserted as a compulsory counterclaim in prior proceedings. We have determined that argument is without merit.

{¶ 54} Under assignment of error No. 1(B), appellants argue the trial court erred with respect to discovery issues concerning chain of ownership, whether Countrywide was an assignee of Intervale, and whether BONY was estopped by virtue of inconsistent answers by Countrywide to the complaint and amended complaint in the prior litigation. These issues are addressed under assignment of error No. 1(C).

{¶ 55} Appellants also contend under assignment of error No. 1(B) that the trial court erred in failing to consider affirmative defenses asserted in their answer to BONY's

21.

complaint—claimed failure to mitigate damages and claims that damages suffered by BONY were a result of BONY's own acts and omissions or those of its agents, or the result of its own course of dealings.

{¶ 56} Appellants were without notice that the trial court would sua sponte proceed to grant summary judgment against them on the foreclosure complaint. Accordingly, they have not been afforded an opportunity to present evidence in mitigation of damages. The record does not include relevant evidence claimed by appellants in defense of damages. On the issue of damages, the trial court's sua sponte grant of summary judgment against the moving party was prejudicial and erroneous.

{¶ 57} We find assignment of error No. 1(B) well-taken in part, and reverse the trial court's judgment on damages and remand the case for further proceedings to determine damages in the foreclosure proceedings.

{¶ 58} In all other respects we find assignment of error No. 1(B) not well-taken.

{¶ 59} Under assignment of error No. 1(C), appellants contend that the trial court erred in proceeding to grant summary judgment without first providing appellants an opportunity to conduct discovery. The discovery disputes in this case related to essentially two areas: (1) evidence concerning the chain of ownership of the note and specifically whether Countrywide ever held the note, and (2) discovery dedicated to challenging assignments of the note and mortgage.

{¶ 60} The discovery dispute over the chain of ownership of the note under the cross-motions for summary judgment was focused on the issue of whether the dismissal

22.

of the claims against Intervale in prior proceedings barred appellants' claims and defenses against BONY on res judicata grounds. As this court reversed the grant of summary judgment on res judicata grounds in this decision, we deem the claimed error based upon denial of discovery of the chain of ownership to be moot. It has never been disputed that BONY is the holder of the note and mortgage.

{¶ 61} As to discovery to challenge assignments of the note and mortgage, we have determined appellants lack standing to challenge the assignments and additional discovery on that ground would not be relevant.

{¶ 62} Appellants claim that BONY is estopped from denying Countrywide was a holder of the mortgage loan due to inconsistent answers by Countrywide to the complaint and amended complaint on the issue in the prior case. We find no error by the trial court in concluding that the inconsistent pleadings do not act to prevent BONY from asserting its claim in foreclosure. Furthermore, the voluntary dismissal of Countrywide from the prior proceeding placed the parties in the position as if the action against Countrywide was never filed. Accordingly, no estoppel exists against BONY arising from Countrywide's pleadings in the prior proceedings.

{¶ 63} We find assignment of error No. 1(C) not well-taken.

{¶ 64} Under assignment of error No. 1(D), appellants contend that the trial court erred in ruling that appellants lacked standing to challenge assignments of the loan. We

23.

have determined, however, that appellants in fact lacked standing to challenge assignments of the loan.

{¶ 65} Accordingly, we find assignment of error No. 1(D) not well-taken.

**Assignment of Error No. 2**

{¶ 66} Under assignment of error No. 2, appellants argue that the trial court erred in granting summary judgment to BONY on Huths' counterclaim based upon the contention BONY was not in privity with Intervale and res judicata did not apply to bar the claims. We have reversed the grant of summary judgment on appellants' counterclaim on res judicata grounds and ruled that summary judgment was appropriate on alternative grounds.

{¶ 67} We find assignment of error No. 2 well-taken in part.

**Assignment of Error No. 3**

{¶ 68} Under assignment of error No. 3, appellants argue that the trial court erred in denying appellants' cross-motion for summary judgment on BONY's complaint for foreclosure. Appellants assert two grounds for the assignment of error: (1) BONY was in privity with Countrywide and bound by admissions by Countrywide in the case that it held the mortgage loan by assignment and (2) the complaint in foreclosure is barred under Civ.R. 13(A) because of the failure to file the action as a compulsory counterclaim in the prior proceedings.

24.

{¶ 69} We have already determined that Civ.R. 13(A) did not apply and BONY's action in foreclosure was not barred as a compulsory counterclaim in prior proceedings. We find assignment of error No. 3 not well-taken.

{¶ 70} We reverse the judgments of the Lucas County Court of Common Pleas in part and affirm in part.

{¶ 71} We reverse the court's judgments to the extent the court granted summary judgment in favor of appellee and against appellants on appellants' counterclaim on the grounds of res judicata.

{¶ 72} We affirm the grant of summary judgment in favor of appellee and against appellants on appellants' counterclaim on alternative grounds—on the ground that the counterclaim is barred under the common law doctrine that release of a party who is primarily liable operates also as a release of any party who was only secondarily liable.

{¶ 73} We reverse the trial court's sua sponte grant of summary judgment against appellants on the issue of damages and remand the case to the trial court for further proceedings to determine damages in the foreclosure action.

{¶ 74} In all other respects the judgments of the Lucas County Court of Common Pleas are affirmed. We order appellee and appellants to each pay equal one-half shares of the costs of this appeal pursuant to App.R. 24.

Judgments reversed, in part,
and affirmed, in part.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Mark L. Pietrykowski, J.                    _____
                                                          JUDGE

Arlene Singer, J.                     

Stephen A. Yarbrough, P.J.                  _____
CONCUR.                                                   JUDGE


                                            _____
                                                          JUDGE

This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions.  Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at: http://www.sconet.state.oh.us/rod/newpdf/?source=6.