[Cite as *Trumbull Twp. Bd. of Trustees v. Rickard*, 2017-Ohio-6945.]

# IN THE COURT OF APPEALS

# ELEVENTH APPELLATE DISTRICT

# ASHTABULA COUNTY, OHIO

| | | |
|---|---|---|
| TRUMBULL TOWNSHIP BOARD OF TRUSTEES, | : | **O P I N I O N** |
| | : | |
| Plaintiff-Appellant, | : | |
| | : | **CASE NO. 2016-A-0061** |
| - vs - | : | |
| | : | |
| LAWRENCE RICKARD, et al., | : | |
| | : | |
| Defendant-Appellee. | | |

Civil Appeal from the Ashtabula County Court of Common Pleas, Case No. 2011 CV 1081.

Judgment: Reversed and remanded.

*Nicholas A. Iarocci*, Ashtabula County Prosecutor, and *Catherine R. Colgan*, Assistant Prosecutor, Ashtabula County Courthouse, 25 West Jefferson Street, Jefferson, OH 44047-1092 (For Plaintiff-Appellant).

*Grant J. Keating*, and *Erik L. Walter*, Dworken & Bernstein Co., L.P.A., 60 South Park Place, Painesville, OH 44077 (For Defendant-Appellee).

THOMAS R. WRIGHT, J.

{¶1} Appellant, the Board of Trumbull Township Trustees (Township), appeals the trial court's judgment entries entering foreclosure and granting summary judgment in part. We reverse.

{¶2} In November 2011, Geauga Savings Bank (GSB) filed a complaint for foreclosure against appellee, Lawrence Rickard, pursuant to his assumption of a loan agreement, based on Rickard's nonpayment and against Bryce R.T. Seymour and Christine Seymour, whose mortgage Rickard assumed. The Township was not a party to the suit.

{¶3} In 2014, GSB filed a motion for summary judgment against Rickard and the Seymours seeking foreclosure and money damages based on Rickard's default.

{¶4} After the parties' competing motions and briefs were filed regarding summary judgment, but before the trial court issued its decision, the Township was substituted as the plaintiff in place of GSB on January 5, 2016 pursuant to GSB's assignment of Rickard's assumption agreement, mortgage, and note.

{¶5} On July 29, 2016, the trial court granted the Township summary judgment as to foreclosure and reformation of the legal description and ordered the Township to produce a judgment entry of foreclosure within 30 days. However, it denied summary judgment on GSB's request for attorney fees as well as its request for a hearing on the issue. The trial court later issued its judgment entry of foreclosure on September 9, 2016.

{¶6} The Township asserts one assigned error:

{¶7} "The trial court erred by committing plain error as a matter of law and abusing its discretion in overruling the request for a hearing on the issue of attorney fees and the request for attorney fees where the note had been purchased and the mortgage assumed by the township, defendant had waived any defense except as to amount and reasonableness of attorney fees, and Local Rule 26 requires a hearing."

{¶8} The Township argues the trial court committed plain error or abused its discretion in not granting it a hearing on its request for attorney fees pursuant to GSB's motion.

{¶9} Plain error is defined as error seriously affecting "the basic fairness, integrity, or public reputation of the judicial process, thereby challenging the legitimacy of the underlying judicial process itself." *Goldfuss v. Davidson,* 79 Ohio St.3d 116, 679 N.E.2d 1099 (1997), syllabus.

{¶10} "In applying the doctrine of plain error in a civil case, reviewing courts must proceed with the utmost caution, limiting the doctrine strictly to those extremely rare cases where exceptional circumstances require its application to prevent a manifest miscarriage of justice, and where the error complained of, if left uncorrected, would have a material adverse effect on the character of, and public confidence in, judicial proceedings." *Id.* at 121.

{¶11} "'* * * [T]he term "abuse of discretion" is one of art, connoting judgment exercised by a court, which does not comport with reason or the record.' *State v. Underwood,* 11th Dist. No. 2008–L–113, 2009-Ohio-2089, 2009 WL 1177050, ¶ 30, citing *State v. Ferranto,* 112 Ohio St. 667, 676–678, 148 N.E. 362 (1925). * * *[A]n abuse of discretion is the trial court's 'failure to exercise sound, reasonable, and legal decision-making.' *State v. Beechler,* 2d Dist. No. 09–CA–54, 2010-Ohio-1900, 2010 WL 1731784, ¶ 62, quoting Black's Law Dictionary (8 Ed.Rev.2004) 11. When an appellate court is reviewing a pure issue of law, 'the mere fact that the reviewing court would decide the issue differently is enough to find error (of course, not all errors are reversible. Some are harmless; others are not preserved for appellate review). By contrast, where the issue on review has been confined to the discretion of the trial court,

3

the mere fact that the reviewing court would have reached a different result is not enough, without more, to find error.' *Id.* at ¶ 67." *Ivancic v. Enos*, 11th Dist. Lake No. 2011-L-050, 2012-Ohio-3639, 978 N.E.2d 927, ¶70.

**{¶12}** GSB's motion for summary judgment alleges Rickard was in default and owed it in excess of $50,000, plus interest, late charges, advanced escrow, and attorney fees in the amount of $36,985. The motion also asked the court to correct a scrivener's error. GSB's motion included the affidavit of Michael Delczeg, a GSB account manager, and attached copies of the pertinent legal agreements. Delczeg's affidavit states in part that Rickard owed GSB $36,985 in attorney fees.

**{¶13}** Rickard responded and asked the court to deny summary judgment in light of GSB's unsupported and unreasonable request for attorney fees. Rickard did not concede that GSB is entitled to attorney fees, but instead argued that genuine issues of fact remain precluding summary judgment.

**{¶14}** In response, GSB asked the court to grant it partial summary judgment on the other issues and hold an evidentiary hearing on the sole remaining issue of attorney fees. Rickard disagreed in his sur-reply and opposed GSB's request for an evidentiary hearing as unnecessary and unwarranted claiming the bank had ample opportunity to present the necessary evidence establishing its lawyer's hourly rate and detailed billing to establish that its claimed attorney fees were reasonable and actually incurred in this case.

**{¶15}** There was a long delay between GSB's filing its motion for summary judgment and the trial court's decision granting it in part, and in the meantime, the Township was substituted in place of GSB as the plaintiff. Upon becoming a party, the

4

Township did not file a motion or brief indicating its position or requesting relief with regard to the pending summary judgment motion, but relied wholly on GSB's filings.

{¶16} The trial court subsequently granted the Township summary judgment on all issues except attorney fees. It explained:

{¶17} "[GSB] requested attorney fees in its Motion for Summary Judgment. Pursuant to Judgment Entry dated January 5, 2016, [GSB] was replaced as plaintiff by substitution of Trumbull Township Board of Trustees. This substitution occurred as part of a settlement agreement between [GSB] AND the Trumbull Township Board of Trustees which resulted in Geauga Savings Bank assigning the mortgage to the Trumbull Township Board of Trustees. Geauga Savings Bank is no longer a party to this action. As a result, the request for attorney fees is overruled, as is the request for a hearing on the issue."

{¶18} The Township now argues that as GSB's assignee, it should stand in the shoes of the prior plaintiff and acquire the prior parties' right to recover attorney fees incurred in enforcing the note against Rickard. As a result of its assignee and substituted party status, the Township claims the trial court erred in failing to hold an evidentiary hearing on the attorney fee issue. We agree.

{¶19} The Township correctly points out that as an assignee, it "'stands in the shoes of the assignor * * * and succeeds to all the rights and remedies of the latter.'" *Siebert v. Columbus & Franklin Cty. Metro. Park Dist.*, 10th Dist. Franklin No. 00AP–583, 2000 WL 1877585 (Dec. 28, 2000) *3, quoting *Inter Ins. Exchange v. Wagstaff*, 144 Ohio St. 457, 460, 59 N.E.2d 373 (1945).

**{¶20}** GSB's complaint sought to recover from Rickard the principal amount, interest, late charges, reimbursed escrow payments made, costs, and fees and all other relief it was entitled to in equity or at law.

**{¶21}** The adjustable rate note assumed by Rickard and assigned by GSB to the Township states under section **7. Borrower's Failure to Pay as Required,**

**{¶22}** "**(E) Payment of Note Holder's Costs and Expenses**

**{¶23}** "If the Note Holder has required me to pay immediately in full as described above, the Note Holder will have the right to be paid back by me for all of its costs and expenses in enforcing this Note to the extent not prohibited by applicable law. Those expenses include, for example, reasonable attorney fees."

**{¶24}** The Assignment of Mortgage executed by GSB that granted the Township its interest in the subject litigation states in pertinent part:

**{¶25}** "Geauga Savings Bank * * * does hereby sell, assign, transfer and set over to Trumbull Township  * * *, Assignee, all of its right, title and interest in and to a certain mortgage * * * and Assumption of Loan Agreement * * * which encumber the real estate * * *."

**{¶26}** As the Township alleges, the trial court substituted it as the party plaintiff in GSB's place based on GSB's assignment of its interests to the Township under an assignment agreement. Civ.R. 25(C). "[A]n assignment is a transfer * * * of some right or interest from one person to another, which causes to vest in another his or her right of  * * * interest in property. *Aetna Cas. & Sur. Co. v. Hensgen* (1970), 22 Ohio St.2d 83, 51 O.O.2d 106, 258 N.E.2d 237, paragraph three of the syllabus. An unqualified assignment transfers to the assignee all the interest of the assignor in and to the thing assigned. *Pancoast v. Ruffin* (1824), 1 Ohio 381, 1824 WL 23." *Leber v. Buckeye*

6

*Union Ins. Co.,* 125 Ohio App.3d 321, 332, 708 N.E.2d 726, 733 (6th Dist.1997), *cause dismissed,* 84 Ohio St.3d 1423, 702 N.E.2d 433 (1998).

**{¶27}** Thus, as the assignee, the Township stands in GSB's shoes and "succeeds to all the rights and remedies of the [assignor.]" *Inter Ins. Exchange of the Chicago Motor Club v. Wagstaff*, 144 Ohio St. 457, 460, 59 N.E.2d 373, 375 (1945). Further, because the substitution operates as if the action had been commenced in the successor's name under Civ.R. 25(C), GSB's request for an evidentiary hearing for the trial court to consider its request for attorney fees became the Township's request. Civ.R. 17(A); *Boedecker v. Rogers,* 140 Ohio App.3d 11, 19–20, 746 N.E.2d 625 (8th Dist.2000).

**{¶28}** While we agree that the language in the assignment of mortgage and Rickard's assumption agreement authorizes the Township, as GSB's assignee, to recover attorney fees, GSB's motion did not establish it was entitled to summary judgment on this issue as a matter of law since its evidence, as the moving party, was deficient to support an award of attorney fees. GSB's motion was supported only by the affidavit of a bank employee who avers that Rickard owes GSB $36,985 in attorney fees. Instead of denying the requested attorney fees, the trial court should have conducted an evidentiary hearing on the issue to apply the two-part test from *Bittner v. Tri–County Toyota, Inc.,* 58 Ohio St.3d 143, 145, 569 N.E.2d 464, (1991), which governs trial court procedure when an exception to the general rule authorizes an award of attorney fees. *Lozada v. Lozada*, 11th Dist. Geauga No. 2012-G-3100, 2014-Ohio-5700, ¶54-56.

**{¶29}** However, in spite of GSB's transfer of its interest to the Township and the court's judgment entry approving the substitution of parties, the trial court denied GSB's

request because the bank was no longer a party. The Township is entitled to a hearing to determine reasonable attorney fees, if any, in enforcing the note pursuant to Section 7(E) of the note. In light of the foregoing, the trial court's denial of the evidentiary hearing on the basis that GSB was no longer a party to the suit constitutes an abuse of discretion. Accordingly, the Township's sole assignment of error has merit.

{¶30} The trial court's judgment is reversed and remanded.


DIANE V. GRENDELL, J.,

TIMOTHY P. CANNON, J.,

concur.